Ross vs. HANCHETT and another.

*May 13 — June 4, 1881.*

CHANGE OF VENUE: *When discretionary. Abuse of discretion.*

1. The granting or denying of an application duly made for a change of the place of trial of an action on the ground that an impartial trial cannot be had in the county where the action is pending, is a matter within the sound discretion of the court to which the application is made, and its ruling will not be disturbed except for an *abuse* of discretion.

2. Upon the affidavits in this case, this court is not prepared to say that there was any abuse of discretion in denying plaintiff's motion for a change of venue.

Ross vs. Hanchett and another.

APPEAL from the Circuit Court for *Monroe* County.

The action was commenced in justice's court in Dane county. From a judgment for the plaintiff, the defendants appealed to the circuit court for said county; and, on motion of the defendants, based upon their affidavits that at the time of the service of the summons they were residents of Monroe county, the cause was removed to the circuit court for the latter county. The plaintiff thereupon moved that court for a change of the place of trial, for the reason that an impartial trial could not be had in said county of Monroe. In support of this motion plaintiff offered his own affidavit and four others. Plaintiff's affidavit is to the effect that he is a resident of Dane county, and that he has reason to believe, and does believe, that an impartial trial of the action cannot be had in Monroe county. As reason for such belief, the affidavit states that the action is brought for damages sustained by reason of certain fraudulent representations made by defendants in the sale of oats, called by defendants Bohemian or hullless oats, and that among such representations were these — that said oats had been recently introduced into this country, and were only grown and held by certain associations of farmers in Vernon and Monroe counties, in Wisconsin, and could not be procured from any other source than from said associations, nor for a less sum than ten dollars per bushel, and that said associations were extensive in the county of Monroe, and were composed of the best and most intelligent class of farmers in said county, and that the members thereof resided in many, if not all, of the towns in said county, and would participate in the profits of the sales of said oats by defendants; that the defendants handed to the plaintiff, and to others, circulars containing, among other things, testimonials from numerous citizens of. Monroe county, who testified to the fine quality of said oats, and that they were held in association by the best farmers in said county; that the plaintiff learned from statements of the defendants and from said circulars, that said

associations existed in, or had had members in, at least six towns [naming them] in Monroe county, and, he believes, in other towns; that, except in the case of a few individuals named in the circulars above mentioned, he does not know the names of the members of said associations, nor their business, family and social relations in said county; that the defendant *Hanchett* has been for one or more years president of the Monroe County Agricultural Society, and, as plaintiff believes, is almost universally known to, and has great influence over, the farmers of said county; that the plaintiff resides more than one hundred miles from the county seat, and has but few acquaintances in said county; that he has been informed by persons living therein, since this and other like actions have been commenced against said defendants, that a very large number of persons living in said county, in many different towns thereof, were directly or indirectly connected with the transaction out of which the alleged fraud arose; that the names of but a few of such persons are known to the plaintiff, and he has no means of ascertaining who they are, or who are so intimately or closely connected with them or some of them as to make them improper persons to serve upon the jury in this action; that he is informed by many reputable citizens of Monroe county, and by citizens of Dane county who have been to Monroe county to ascertain the facts in this action, that the defendants have widely talked with the people of Monroe county in regard to this and similar actions, and that there is a wide and general prejudice on the part of the people of said county, partly arising from the said efforts of the defendants, partly from the said standing and influence of the defendant *Hanchett*, and partly from the general and extensive interest of some of the most prominent farmers in said county in the enterprise and speculation *growing* out of the raising of said oats, against the plaintiff and in favor of the defendants.

The affidavits of La Fayette Stowe, John S. Cook, James C. Philpot and James Van Kleek, residents of Dane county, were

substantially the same as that of the plaintiff in regard to the representations made by the defendants. The affidavit of Mr. Stowe further stated that he had visited Monroe county before and after the commencement of the action, and had found, after careful investigation, inquiry and examination, that the number of farmers associated together for growing and dealing in said Bohemian oats was large, and that they resided in many different towns in said county; that he does not know the exact number, nor the names of but few of the members of such associations, but understands and was informed by defendants that they were the prominent farmers of their several towns and of Monroe county; that he found much excitement among the people of that county in regard to this and similar actions, and the transactions out of which they grew; that he was informed that the defendant *Hanchett* was president of the Monroe County Agricultural Society, and a man of prominence and extensive influence among the farmers of said county; that he was informed that said *Hanchett* had talked much with different people of the county in regard to this and similar actions, and that he found the existence of these actions to be very generally known to the people of said county; that he believes said *Hanchett* had talked with the people very extensively for the purpose of influencing the public sentiment of said county in his favor, and that through such efforts and through the numerous members of said associations the people of said county have become so prejudiced in favor of the defendants and against the plaintiff that an impartial trial could not be had in said county; and that after the commencement of this action, one George Cornes, a resident of Monroe county and a member of one of the associations aforesaid, had boastingly remarked to the affiant that the defendants would remove all actions commenced against them on account of the sale of said oats to Monroe county for trial, and that then they would have the cases in their own hands.

In opposition to the motion the defendants presented sixteen affidavits of residents of Monroe county, including bankers, editors, merchants, farmers, and town and county officers, to the effect that the affiants are extensively acquainted with the people of said county; that they believe the existence of this or similar actions is not generally or widely known or talked of in said county; that there is no excitement in said county over the same, and that they believe no prejudice exists in respect thereto on the part of the people generally, or on the part of any noticeable number of the people, and that nothing has been done to create such prejudice; and that they believe a fair and impartial trial of the action can be had in said county. The affidavit of George Cornes further denies that he ever used any language to La Fayette Stowe, or in his hearing, to the effect, or in substance, as set out and stated in said Stowe's affidavit. The affidavit of C. W. McMillan, sheriff of Monroe county, further states that he has recently, in summoning witnesses and jurors, been all over said county and in every town thereof, and has not, in any instance, heard the subject of this action or the parties thereto spoken about in any manner; that he knows the defendants and has had occasion to observe their conduct in reference to this and similar actions and prosecutions, and that he has never seen or heard of any effort on their part to create any public interest or excite prejudice in reference to the same; that it has at all times seemed to him, and he believes, that defendants have always endeavored to keep the facts of said actions and the matters involved from becoming known, and to avoid any kind of notoriety or general knowledge concerning the same. The affidavit of the defendants, in addition to the usual averments of merits, denies that any fraudulent representations in respect to said Bohemian oats were ever made by them or either of them, and denies that they have talked about this or similar actions in Monroe county, or endeavored in any way to create any feeling or prejudice respecting the same. It further states

that no such feeling or prejudice exists among the people of said county, and that no person residing in said county has any interest in this or any like action, or in the result thereof, except the defendants.

From an order denying the motion for a change of the place of trial, the plaintiff appealed.

For the appellant there was a brief by *Lewis, Lewis & Hale*, and oral argument by *H. M. Lewis*. They cited R. S., secs. 2622–2624; *Schattschneider v. Johnson*, 39 Wis., 387.

For the respondents there was a brief by *Morrow & Masters*, and oral argument by *Mr. Morrow*. They cited *Schattschneider v. Johnson*, 39 Wis., 387; *Jackman Will Case*, 27 id., 409; *Lego v. Shaw*, 38 id., 401. .

CASSODAY, J. This is an appeal from an order refusing to change the place of trial in this action from the circuit court for Monroe county, on the ground that an impartial trial could not be had therein. Subdivision 2, sec. 2622, R. S., provides that "the court, or the presiding judge thereof, may change the place of trial . . . where there is reason to believe that an impartial trial cannot be had therein." It will be noticed that it is not enough to enforce the change, that the party "believes that an impartial trial cannot be had therein," but "the court, or the presiding judge thereof," must be satisfied that "there is reason" for such belief. It was incumbent upon the appellant to clearly establish his inability to obtain an impartial trial in Monroe county, by proof of facts and circumstances from which the court could determine for itself that the application was well founded. *Frank v. Avery*, 21 Wis., 166. "The granting or denying of such an application, duly made, upon the grounds above named, is a matter within the sound discretion of the court in which the action is pending, and its ruling will not be disturbed unless there has been an *abuse* of discretion." *Lego v. Shaw*, 38 Wis., 401; *Church v. Milwaukee*, 31 Wis., 512. This court has gone

still further, and held that, in the exercise of such discretion, the trial judge may take into account matters within his own knowledge and observation, as well as the proofs presented. *Schattschneider v. Johnson*, 39 Wis., 387; *Jackman Will Case*, 27 Wis., 409. In the *Jackman Will Case*, one trial had already been had, lasting for many days, before the same judge who granted the motion removing the cause, and of course he knew many facts and circumstances which occurred upon the trial, which might be difficult to express in affidavits, and which others might not know or observe. Just how far a circuit judge may avail himself of facts and circumstances within his own knowledge and observation, which did not occur in court nor in connection with the case, it is not necessary here to determine.

The four moving affidavits in this case were each made by residents of Dane county, who base their belief mainly upon information derived from the defendants and others from Monroe and Dane counties. Ordinarily such affidavits, or some of them, are made by persons residing in the county where the suit is pending, and who are conversant with the facts about which they testify. The necessity of obtaining affidavits from such persons would seem to be almost imperative. Here it is claimed, however, that the persons making the affidavits, on the part of the appellant obtained their information largely from the defendants themselves, and other residents of Monroe county; and that the fact of the existence of the association, and that members of it reside in several towns of that county, are admitted. But the mere existence of such an association, and the fact that its members resided in different towns in the county, and that some, in the name of the association, had committed frauds, would not necessarily establish the fact that an impartial trial could not be had in that county. It would be strange indeed if any association could be found in any locality so powerful and influential that an impartial jury could not be had, in a county containing

more than 20,000 inhabitants, who would fairly try questions of fraud committed by members of such association. We cannot believe that any very large association of men could be found in that, or any other county in Wisconsin, for the avowed purpose of swindling, or that any considerable number of the members of such association would countenance fraud upon the part of the association, or its members. Besides, powerful associations generally stimulate powerful opposition in the very locality where they are strongest. But, as we have seen, this question of removal rested in the sound discretion of the circuit judge, and in view of the facts stated in the sixteen affidavits made by residents of that county, and read in opposition to the motion, we are not prepared to say that there was an abuse of discretion.

*By the Court.*— The order of the circuit court is affirmed.