STATE EX REL. NATIONAL CHEESE PRODUCERS FEDERATION, Petitioner, vs. FOLEY, Circuit Judge, Respondent.

*October 14—November 9, 1932.*

For the petitioner there was a brief by *Gilbert, Ela, Heilman & Raeder* of Madison, and oral argument by *E. Burgess Ela.*

For the respondent the cause was submitted on the brief of *W. T. Doar* of New Richmond.

FOWLER, J. The proceeding was brought to require W. R. FOLEY, as judge of the circuit court for Polk county, to change the venue of an action pending in said court wherein the relator is defendant and the Garfield Cheese Company is plaintiff to Sheboygan county, on the ground that the relator is entitled to change of venue under sec. 185.08 (9), Stats.

From the return it appears that the circuit court action was brought to recover the balance due for cheese delivered to the relator at Polk county in June, 1931, for which the relator agreed to pay in August $839.89, on which only

$472.40 has been paid, and which balance the relator refuses to pay. The answer in said action alleges that the defendant has made payments to plaintiff upon previous deliveries of cheese in excess of the price agreed upon to the amount of $367.49, the amount claimed by plaintiff as balance due.

Both parties to the action are organized as co-operative associations under ch. 185, Stats. The plaintiff is a member of the defendant association. According to the respective articles of incorporation the principal office of the plaintiff is in Polk county and that of the defendant is in Sheboygan county. Sec. 185.08 (9) provides that "the proper place of trial of any action by or against an association *under the foregoing provisions of this section* shall be the county where such association has its principal office, according to its articles of incorporation."

It is to be noted that under the language next above quoted sub. (9) does not refer to associations organized under *this chapter* (ch. 185) but to *actions under this section*. The phrase "under the foregoing provisions," *et seq.,* does not relate to *"associations"* but to *"actions,"* because associations are not organized "under this section" but under ch. 185 of which the section is a part. We have therefore to determine whether the action is one brought under "the foregoing provisions" of sec. 185.08.

Reference to these "foregoing provisions" discloses that the actions covered by sub. (9) are actions between the association and its members for damages for breach, or to enjoin a breach, of contracts to buy or sell the whole or a specified part of the produce of the members, actions by an association against third persons for damages for inducing members to breach their contracts to buy or sell from, to, or through the association, and actions to enjoin third persons from inducing members to breach their contracts with the association. Thus sub. (2) declares valid contracts whereby

members agree to sell all or a specified part of their products to or through, or to buy all or a specified part of goods from or through, the association. Sub. (3) declares valid provisions for liquidated damages for breach of contracts by members. Sub. (4) provides for injunctions against members to prevent breach of their contracts with the association. Sub. (6) provides for damages and injunctions against third persons inducing members to breach their contracts with the association. Sub. (8) declares the intent of the legislature that the provisions of sub. (5) for filing contracts with the register of deeds shall protect the property interest of the association under the contracts of its members under sub. (2) to sell to it; that the provision of sub. (6) shall prevent wrongful interference with contracts between associations and their members, whether they are contracts to sell or of agency to sell, and irrespective of whether the interference is with the rights of the association or its members.

It seems to us manifest that the action here involved, which is merely one by a member to recover the purchase price of its products, is not one for damages for breach of a contract made under sub. (2) to sell to or through the association either all or a specified part of its product; nor is it an action brought to protect from interference the interest of an association or a member under a contract between the association and the member. We can discover no provision of sec. 185.08 under which the instant action falls and are therefore of opinion that sub. (9) of that section does not authorize a change of venue.

As sec. 185.08 (9) does not apply to the instant action, place of trial and change of venue are governed by the general statutes governing these matters. These statutes are sec. 261.01, governing place of trial; sec. 261.03, governing change by consent when the county designated is not the proper place of trial; and sec. 261.04, governing change by the court when the county named is not the proper place of

trial and consent to change has not been given by the plaintiff within the time limited by sec. 261.03.

The defendant is a corporation by the provisions of ch. 185. Reference to sec. 261.01, governing the proper place of trial, discloses that this action falls under sub. (6), which provides that the proper place of the trial of an action against a corporation other than an insurance corporation is the county in which "it is situated or has its . . . place of business, *or in which the cause of action or some part thereof arose.*" It is conceded that "the cause of action (here involved) or some part thereof" arose in Polk county. Hence Polk county is a proper place of trial, and being such the defendant has no right to change of venue upon the ground that Polk county is not a proper place of trial, which was also stated as ground for removal in the demand and motion for change.

*By the Court.*—The petition is dismissed.