STATE EX REL. SAYLESVILLE CHEESE MANUFACTURING COMPANY, Petitioner, vs. ZIMMERMAN, Circuit Judge, Respondent.

*February 7—March 3, 1936.*

For the petitioner there were briefs by *George A. Hartman* of Juneau and *Harold M. Wilkie* of Madison, and oral argument by *Mr. Wilkie* and *Mr. W. E. Torkelson* of Madison.

For the respondent there was a brief by *Schwartz, Welfeld & Perlman* of Chicago, Illinois, and *La Follette, Rogers & Roberts* of Madison, and oral argument by *W. Wade Boardman* of Madison.

A brief on behalf of the Northern Wisconsin Co-operative Tobacco Pool was filed by *Gilbert, Ela, Heilman & Raeder* of Madison, as *amicus curiæ.*

A brief was also filed by *Crownhart & Murphy* (*C. H. Crownhart, Jr., Robert B. L. Murphy,* and *Frank C. Grandy*) of Madison, as *amici curiæ*.

ROSENBERRY, C. J. It is conceded on both sides that if sec. 185.08 (9), Stats., is a valid enactment, the circuit court correctly held that the Saylesville Company was not entitled to a change of venue; on the other hand, it is conceded that if said section is not a valid enactment, the Saylesville Company was entitled to a change of venue and the writ should issue.

Sec. 185.08 (9) provides: "The proper place of trial of any action by or against an association [co-operative] under the foregoing provisions of·this section shall be the county where such association has its principal office, according to its articles of incorporation."

The court had this statute under consideration in *State ex rel. National C. P. Federation v. Foley,* 209 Wis. 471, 245 N. W. 107. In that case it was held that this section by its terms applies only to actions brought to enforce rights created by the statute, and does not apply to an action brought by or against a co-operative to enforce rights not arising under the section. The matter involved in that case was·a contract made by one co-operative with another, and it was held under such circumstances that the statute did not apply. However, the right sought to be vindicated in the action brought by the co-operatives against the Saylesville Company arises under the provisions of sec. 185.08. So that the question of whether or not sec. 185.08 (9) is a valid enactment is now squarely before the court.

On behalf of the respondent here it is contended that the question was determined in *Watertown M. P. Co-op. Asso. v. Van Camp P. Co.* 199 Wis. 379, 225 N. W. 209, 226 N. W. 378. It is considered that there are two sufficient answers to this contention. In the first place, there has been

a substantial change in the statute. In the second place, the matter was not brought to the attention of the court nor considered by it. It is quite apparent that if the provisions relating to venue were held to be invalid, such provisions would be considered separable and the remainder of the section allowed to stand.

The petitioner here contends that sec. 185.08 (9) is invalid and unconstitutional because in violation of the Fourteenth amendment of the constitution of the United States and secs. 1, 5, and 9 of art. I of the constitution of the state of Wisconsin.

An orderly consideration of the question raised requires us to refer briefly to the laws of this state relating to the venue of civil actions. By sec. 261.01 the venue of actions against corporations is prescribed as follows: Actions against railroad corporations, except appeals in condemnation proceedings, may be brought either in the county in which the cause of action arose or in the county in which the plaintiff resides if the road of the defendant corporation extends into such county; that if the road does not extend to either such county, the action may be commenced in the county in which the road of the corporation does extend; actions against insurance companies may be brought in the county in which the defendant has its principal office, or if the plaintiff is a resident of this state, at his election, in the county in which plaintiff resides, or if brought by an administrator or executor of an estate, in the county in which he received his appointment; actions against other Wisconsin corporations may be brought in the county in which the corporation is situated or has its principal place of business or in which the cause of action or some part thereof arose.

Sec. 226.11 provides that the venue of an action against a foreign corporation is the same as that of an action against a domestic corporation. Sec. 185.08 (9) introduces an en-

tirely new classification into the law relating to the venue of actions.

Is an enactment, which confers upon a single class of corporations a privilege or immunity with respect to actions brought by or against them under sec. 185.08 (9), within the protection of the Fourteenth amendment? The petitioner argues that it is, and cites to our attention *Power Mfg. Co. v. Saunders,* 274 U. S. 490, 47 Sup. Ct. 678, 71 L. Ed. 1165. In that case the court had under consideration a statute which authorized suits to be brought against foreign corporations doing business in the state (Arkansas) in any county of the state, while suits against domestic corporations could be brought only in counties where found or where doing business or where they had a representative. In that case the court held the statute relating to foreign corporations invalid and said:

"The clause in the Fourteenth amendment forbidding a state to deny to any person within its jurisdiction the equal protection of the laws is a pledge of the protection of equal laws [citing], and extends as well to corporate as to natural persons. [Citing.] It does not prevent a state from adjusting its legislation to differences in situation or forbid classification in that connection; but it does require that the classification be not arbitrary, but based on a real and substantial difference having a reasonable relation to the subject of the particular legislation. [Citing.]

"No doubt there are subjects as to which corporations admissibly may be classified separately from individuals and accorded different treatment, and also subjects as to which foreign corporations may be classified separately from both individuals and domestic corporations and dealt with differently. But there are other subjects as to which such a course is not admissible, the distinguishing principle being that classification must rest on differences pertinent to the subject in respect of which the classification is made. . . .

"It of course rests with the state to prescribe the venue of actions brought in her courts. But the exercise of this power,

as of all others, must be in keeping with the limitations which the constitution of the United States places on state action. Procedural statutes are not excepted, but must fall like others when in conflict with these limitations."

In this connection it is to be noted that no other person, private or corporate, enjoys the privilege or immunity conferred upon co-operative associations, by sec. 185.08 (9). While an action may be brought against a private person in any county in the state, it is subject as a matter of right to be removed to the proper county upon motion. With respect to such change of venue the trial courts have no discretion. Where a motion for a change of venue is based, not upon a statutory right, but upon convenience of witnesses or prejudice of the people, the court has and exercises a discretion.

Under sec. 185.08 (9) a co-operative may draw to the county of its residence all proper parties to an action brought by it under sec. 185.08 and in relation to such matters may be sued nowhere else. In the exercise of this power it might compel litigants to travel long distances to contest comparatively trivial matters. Parties against whom it elects to bring actions may be compelled to bring their witnesses from a distant county in which the cause of action arose and in which the adverse parties reside. In the principal action involved in this case the co-operatives sought by an action brought in Dane county injunctive relief against interference by the defendant with a member in Dodge county. If the statute be valid, it requires the Saylesville Company to come from Dodge county to Dane county to defend itself against the charge made in the complaint. In any other cause of action a person or corporation would have, under the facts in this case, a right to a change of venue to Dodge county.

In the language of *Power Mfg. Co. v. Saunders, supra,* the question comes down to this: Is there any distinction

germane to the purpose of the statute upon which actions brought by or against a co-operative relating to rights created by the section which forms a basis for a valid classification? In the *Power Mfg. Co. Case* it was held that as to a foreign corporation a statute which permitted it to be sued in any county of the state was discriminatory when the statute permitted other corporations to be sued only in the counties where found or where they were doing business or had a representative. In this connection it is to be noted that there is a vital distinction between the provisions of sec. 185.08 (9) and the Arkansas statute. The Arkansas statute relates to all actions of whatever kind which might be brought against a foreign corporation by a resident of Arkansas. On the other hand, the privilege conferred by sec. 185.08 (9) is not conferred upon a co-operative corporation as such. The privilege extends only to suits which involve rights arising under the section. Rights arising under the section relate principally to contracts between the co-operative and its members and incidental matters. The respondent here supports its contention that this is a proper basis of classification upon two grounds: (1) That it has already been held in this and other states that contracts between co-operative associations and their members may be afforded a protection in the law denied to the contracts of all other persons, natural or corporate. *Northern Wis. Co-operative Tobacco Pool v. Bekkedal,* 182 Wis. 571, 197 N. W. 936; *Liberty Warehouse Co. v. Burley Tobacco Growers' Co-op. Marketing Asso.* 276 U. S. 71, 48 Sup. Ct. 291, 72 L. Ed. 473. (2) That sec. 185.08 (9) is a reasonable classification based upon recognition of particular circumstances and conditions which surround the functioning of co-operative associations and the enforcement and protection of co-operative association contracts, and for that reason the classification is germane to the legislative purpose .

and not arbitrary. It is argued that the same reasons that permit classification of membership contracts on the basis of which they are accorded exceptional protection operate here and are equally applicable to a statute fixing the venue of actions.

There would seem to be no doubt that as to members of a co-operative sec. 185.08 (9) is a valid enactment. By contracting with reference to the rights created by the statute, the member impliedly if not expressly consents to the restrictions and provisions of the statute. By becoming a member a person as such waives his right to trial of an action brought against him with respect to rights arising under the section in the county of his residence. He thereby consents that the action may be brought and tried in the county where the co-operative has its principal office. The petitioner in this case, however, is not a member. It has entered into no contract relations with the co-operative. In the complaint in the original action it is alleged that the petitioner has interfered with the contract between the co-operative and its member. The co-operatives seek in the principal action a vindication of their rights under the section as against a third person who by intermeddling has brought itself within the provisions of the statute. If, as has been held by this court and the supreme court of the United States in the cases already referred to, co-operative contracts are of a nature which entitles them to a peculiar status in the law, we see no reason why the legislature may not say that rights growing out of such contracts entered into in accordance with the provisions of the section are entitled to the further protection of having controversies in relation thereto adjudicated in the county where the principal office of the co-operative is located. The question would be much more difficult if the right was conferred upon co-operatives to have all suits by or against them triable in the county where the

principal office of the co-operative is located, but under the statute the actions which are so triable are only those actions which relate to rights created by the section. The protection is not therefore for a co-operative as a party, but it is for a class of contracts which are already favored in the law. The classification is therefore a legal one and not unreasonable nor arbitrary.

It is considered therefore that the trial court correctly held sec. 185.08 (9) to be a valid enactment and properly denied the motion for a change of venue.

*By the Court.*—Writ denied.