Kalb, Appellant, vs. Luce and others, Respondents.

*November 5—December 2, 1941.*

For the appellant there was a brief by *Joseph E. Messerschmidt* and *Joseph G. Hirschberg,* both of Madison, and oral argument by *Mr. Messerschmidt.*

For the respondents there was a brief by *Thorson & Seymour* of Elkhorn, attorneys for Roscoe R. Luce and George O'Brien, and *D. B. Malone* of Waukesha of counsel, and *Moran & O'Brien* of Delavan, attorneys for Henry and Helen Feuerstein, and oral argument by *Arthur T. Thorson* and *J. Arthur Moran.*

FOWLER, J. The appellant assigns two grounds of error. The ground we first consider is that the court erred in denying a motion for a change of venue on the ground of prejudice of the people. This goes to the entire judgment. We need not discuss the contention of the appellant in this respect because while the court denied the motion the case was ultimately decided by granting a motion of the defendants for a directed verdict. The only basis of a change of venue for prejudice of the people is that the movant cannot get a fair jury in the county wherein the case is pending. As the instant case did not go to the jury it is immaterial whether the jury impaneled was fair or unfair. Thus the plaintiff was not prejudiced by the denial of his motion. Removal to another county for prejudice of the people is not a statutory right. Refusal does not deprive the court of the county wherein the action is pending of jurisdiction. Refusal or allowance of the change rests in the discretion of the court. *State ex rel. Saylesville C. Mfg. Co. v. Zimmerman,* 220 Wis. 682, 687, 265 N. W. 856; *Ross v. Hanchett,* 52 Wis. 491, 496, 497, 9 N. W. 624, and cases there cited.

The other alleged error, which goes to dismissal of the first cause of action set forth in the complaint, is that the court erred in sustaining a demurrer *ore tenus* on the ground that the first cause of action alleged in the complaint does not state facts sufficient to constitute a cause of action against the defendants. From the recitals in the judgment it appears that the defendants "demurred orally to the first cause of action," by objecting to the introduction of evidence; that this demurrer was sustained; that on motion of the defendants Luce and O'Brien made at the close of the evidence a verdict in their favor was directed and judgment was entered thereon as to them; and that on motion of defendants Feuerstein the case was "dismissed on the merits" as to them.

The court was in error in sustaining the defendant's objection to introduction of evidence in support of the first cause of action. It was expressly held, when the case was last before us, 234 Wis. 509, 291 N. W. 841, that the complaint stated three distinct causes of action in tort for conspiracy, which we will refer to herein as causes (1), (2), and (3): (1) For conspiracy to unlawfully dispossess the plaintiff of his farm; (2) for assault and battery committed during the act of dispossession; and (3) for a false imprisonment committed during the commission of such act. .

If the rule contended for by defendants be correct, that action at law for damages for dispossession does not lie against the mortgagee in possession during the foreclosure of the mortgage but his remedy is to redeem from the mortgage and have an accounting by the mortgagee for the time the mortgagee was in possession to apply on the amount necessary to redeem, it applies only between mortgagor and mortgagee in absence of a tort. It does not apply in a case based on conspiracy to unlawfully dispossess. For the tort alleged Luce and O'Brien were liable as well as the Feuersteins. To conspire to unlawfully dispossess is necessarily malicious, and to dispossess pursuant to such conspiracy would subject the de-

fendants not only to compensatory but to punitory damages. None of these matters is involved in an action between the mortgagor and mortgagee in possession and the rule stated is beside cause (1).

To entitle an appellant to prevail on his appeal it is necessary for him to show, not only that the error complained of was committed, but that it operated to his prejudice. An essential element of cause (1) is that defendants Luce and the Feuersteins conspired with O'Brien to unlawfully dispossess the plaintiff. The answers of Luce and the Feuersteins deny such conspiracy. In support of these denials it would be competent for them to prove absence of conspiracy, and affirmative proof by the plaintiff of such conspiracy would be essential to create cause (1) against any of the defendants. Conspiracy to unlawfully dispossess the plaintiff would render Judge Luce and the Feuersteins liable in cause (2) for any assault and battery committed by Sheriff O'Brien in the act of dispossession, and the assault and battery by the sheriff in cause (2) is alleged to have been so committed. The conspiracy to unlawfully dispossess involved in cause (1) would thus constitute the conspiracy essential to render Luce and the Feuersteins liable for the assault and battery involved in cause (2). The existence of the conspiracy involved in cause (1) was therefore at issue in the trial of cause (2). If no conspiracy or proof of want of any appeared from the evidence adduced on the trial of cause (2) no prejudice to the plaintiff resulted from the dismissal of cause (1), as if plaintiff did not prove conspiracy on the trial of cause (2) it would be presumed that he did not prove it because he could not, and if he could not prove it on trial of cause (2) it would be presumed that he could not prove it on a trial of cause (1). There is no bill of exceptions. In absence of a bill of exceptions we cannot say that the evidence adduced on trial of cause (2) does not show absence of the conspiracy involved in cause (1). Prejudice is not to be presumed from error. It must appear. "No judgment shall

be reversed . . . for error as to any matter of pleading or procedure, unless in the opinion of the court . . . it shall appear that the error complained of has affected the substantial rights of the party seeking to reverse or set aside the judgment." Sec. 274.37, Stats. In absence of a bill of exceptions it does not in our opinion appear that the "error complained of has affected the substantial rights" of the plaintiff.

*By the Court.*—The judgment of the circuit court is affirmed.