State of Wisconsin, Petitioner-Respondent,
v.
Ernest J.P., Jr., Respondent-Appellant.
No. 03-3323.
Court of Appeals of Wisconsin.
Opinion Filed: December 8, 2004.
¶1 BROWN, J.[1]
Ernest J.P., Jr. appeals from a court-ordered, one-year extension of mental health commitment and outpatient treatment. He argues that his commitment hearing was defective because the circuit court did not require the county of Waukesha to present two court-appointed medical examiners to testify. Ernest claims that this omission violated his statutory due process rights based on WIS. STAT. § 51.20. We conclude that Ernest has misinterpreted the statute, which does not purport to dictate how the county must prove its case for recommitment. Moreover, Ernest has not demonstrated how any alleged defect in the proceedings prejudiced him. We therefore affirm.
¶2 Ernest has been a committed client of the county for several years. The court order for his most recent commitment prior to this action was due to expire in November 2003. On October 24, 2003, therefore, with one month remaining, the county filed a petition for recommitment. The circuit court ordered two doctors to examine Ernest and submit reports of their examinations to the court prior to the date of the recommitment hearing, scheduled for November 18. Dr. Edmundo F. Centena, M.D., submitted his report on November 13, and Dr. Richard Koch, Ph.D., submitted his on November 14. Both reports concluded that Ernest was: (1) mentally ill, (2) a danger to himself or others, (3) a proper subject for recommitment on an outpatient basis, and (4) incompetent to make treatment decisions concerning his psychotropic medications.
¶3 The recommitment hearing took place on November 18. The county presented two witnesses: Ernest's case manager through the Waukesha County Community Support Program and Dr. Koch. The court also admitted Dr. Koch's report in evidence. Ernest testified on his own behalf. Neither party called Dr. Centena or offered his report in evidence.
¶4 When the hearing concluded, the court found Ernest to be mentally ill based on clear and convincing evidence. It also found him a proper subject for commitment if treatment were to be withdrawn and determined that he was incompetent to make his own decisions concerning his medications, due to past noncompliance with his treatment regimen. For these reasons, it extended Ernest's mental health commitment for twelve months on an outpatient basis and ordered involuntary medication and treatment.
¶5 Ernest appeals. He raises several issues, but we will not consider most of them because he raises them for the first time in his reply brief. As a general rule, we will not consider such issues. See, e.g., Swartwout v. Bilsie, 100 Wis. 2d 342, 346 n.2, 302 N.W.2d 508 (Ct. App. 1981).
¶6 In Ernest's remaining argument, he contends that the proceeding violated his statutory due process rights pursuant to WIS. STAT. § 51.20 when Dr. Centena was not called as a witness. Ernest relies on three subsections of § 51.20. First he looks to § 51.20(13). Section 51.20(13)(g)3. places the burden on the county to establish the continued need for commitment, and § 51.20(13)(e) requires it to meet the "clear and convincing evidence" standard. Ernest next points to § 51.20(5), which requires WIS. STAT. ch. 51 hearings to "conform to the essentials of due process and fair treatment including ... the right to ... crossexamine witnesses." Lastly, Ernest points to § 51.20(9)(a), which requires the court to appoint two medical examiners to personally examine the subject individual and report their findings to the court via independent written reports. See § 51.20(9)(a)1. and 5.
¶7 Ernest appears to conflate a confrontation rights argument with a burden of proof argument. We understand him to contend that (1) the confrontation right referred to in WIS. STAT. § 51.20(5) refers to the courtappointed examiners that § 51.20(9) mentions, and (2) if the county fails to present both examining doctors as witnessesthereby depriving the subject individual of his or her confrontation rightit fails to meet its burden of proof. Thus, because Ernest could not cross-examine Dr. Centena, the county "depriv[ed] the court of an adequate quantum of evidence to make an informed decision regarding the necessity of continued treatment."
¶8 Ernest's argument requires us to interpret the provisions of WIS. STAT. § 51.20 and to apply them to a set of facts, namely, that two doctors submitted reports while only one testified. We review de novo the construction of a statute and its application to a set of facts because both issues present questions of law. Wilson v. Waukesha County, 157 Wis. 2d 790, 794, 460 N.W.2d 830 (Ct. App. 1990). Our goal in interpreting a statute is to ascertain the intent of the legislature. McDonough v. DWD, 227 Wis. 2d 271, 277, 595 N.W.2d 686 (1999). In doing so, we turn to the plain language of the statute, relying on extrinsic sources only when the plain language is ambiguous. Id.
¶9 We conclude that nothing in the plain language of WIS. STAT. ch. 51 supports Ernest's contention. We first examine WIS. STAT. § 51.20(9). Section 51.20(9)(a)5., which requires the court-appointed examiners to personally observe the subject individual, states, "A written report shall be made of all such examinations and filed with the court. The report and testimony, if any, by the examiners shall be based on beliefs to a reasonable degree of medical ... or professional certainty ...." (Emphasis added.) The legislature's use of the phrase "if any" immediately following the word "testimony" clearly contemplates that sometimes the court-appointed examiners will not testify. Section 51.20(9) provides no guidance whatsoever as to when, if ever, testimony from both medical examiners is required.[2]
¶10 Moreover, WIS. STAT. § 51.20(13)(e) and (g)3., which specify the burden of proof requirements, say nothing about how the county must meet the clear and convincing standard. Although the county probably would not make a convincing case for mental illness without presenting some witness qualified to give a professional opinion about whether the subject individual was mentally ill, we see no logical reason why that opinion cannot come from one of the two courtordered examiners. Section 51.20(13) does not tell us otherwise. We conclude that neither § 51.20(9) nor § 51.20(13) by their terms require court-appointed medical examiners to testify at a WIS. STAT. ch. 51 hearing.
¶11 Ernest next argues that the testimony of both court-appointed examiners is mandated by WIS. STAT. § 51.20(5) as a matter of statutory due process. We conclude it is not. Again, we reach our conclusion based on the plain language of the statute. Section 51.20(5) reads:
The hearings which are required to be held under this chapter shall conform to the essentials of due process and fair treatment including the right to an open hearing, the right to request a closed hearing, the right to counsel, the right to present and cross-examine witnesses, the right to remain silent and the right to a jury trial if requested under sub. (11).
(Emphasis added.) Subsection (5) clearly limits the subject individual's statutory confrontation rights to the cross-examination of witnesses. Dr. Centena was not a witness. He never testified, and the court never admitted his report in evidence. Accordingly, we hold that nothing about Ernest's hearing points to a statutory due process violation.
¶12 Even if we were to conclude that the county's failure to present both medical examiners at the hearing did violate Ernest's right to due process, Ernest has not shown how this alleged failure prejudiced him. "To entitle an appellant to prevail on his appeal it is necessary for him [or her] to show, not only that the error complained of was committed, but that it operated to his [or her] prejudice." Kalb v. Luce, 239 Wis. 256, 260, 1 N.W.2d 176 (1941). We will not presume prejudice from the mere fact that an error occurred; the individual seeking to reverse or set aside the judgment must prove that the defect in pleading or procedure affected his or her substantial rights. Id. at 260-61. Ernest has not convinced us that the error affected his substantial rights because he has not presented any evidence or authority to show how the trial court's judgment would have been different had Dr. Centena testified.
¶13 Further, even if we ignore the fact that Dr. Centena, in his report, reached the same conclusion about Ernest's continued need for commitment and involuntary medication as Dr. Koch and instead assume that his testimony would have been favorable to Ernesta highly doubtful prospect it is not clear that the violation of Ernest's rights, rather than Ernest's own choices, operated to his prejudice. Along with the right to cross-examine witnesses, WIS. STAT. § 51.20(5) gives the subject individual the right to present witnesses. Ernest could have called Dr. Centena as his own witness if he believed the doctor's testimony would be helpful. Yet, he chose not to do so.
¶14 We hold that Ernest's recommitment hearing was not defective for failure to conform to "the essentials of due process," see WIS. STAT. § 51.20(5), when the county did not present Dr. Centena as a witness. Nothing in the statute dictates how the county must meet its burden of proof pursuant to § 51.20(13)(e). Although the due process guarantees in § 51.20(5) would have required an opportunity for Ernest to cross-examine anyone who (1) examined him pursuant to § 51.20(9), and (2) was a witness in the case, Dr. Centena was not a witness, and nothing in § 51.20(9) required him to testify. Further, even if we assume that the county's failure to call the doctor as a witness so that Ernest might cross-examine him somehow violated Ernest's statutory due process rights, we do not see how this violation prejudiced Ernest. Ernest does not tell us how Dr. Centena's testimony would have changed the result. Indeed, if Ernest believed the doctor's testimony would help his case, he could have called him as his own witness. Accordingly, we affirm.
By the Court.  Order affirmed.
NOTES
[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(d) (2001-02). All references to the Wisconsin Statutes are to the 2001-02 version unless otherwise noted.
[2] We note the county's argument that WIS. STAT. § 51.20(9) is not even relevant to this case. The county relies upon § 51.20(13)(g), which requires the court to "proceed under subs. (10) to (13)" upon the county's application for an extension of commitment. We need not reach that issue, however, because even if we assume the applicability of the provisions Ernest relies upon, he cannot prevail.