## UNITED STATES *v.* ONE DISTILLERY *et al.*

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE
SOUTHERN DISTRICT OF CALIFORNIA.

No. 190. Argued April 6, 1899. — Decided April 24, 1899.

There was no proof in this case to overcome the denials in the original answer, and to show that the property seized by the Collector of Internal Revenue had been forfeited to the United States.

THE statement of the case will be found in the opinion of the court.

*Mr. Assistant Attorney General Boyd* for plaintiffs in error.

*Mr. Samuel G. Hilborn* for defendants in error. *Mr. Frederic W. Hall* filed a brief for same.

MR. JUSTICE HARLAN delivered the opinion of the court.

This was an information filed November 13, 1888, in the District Court of the United States for the Southern District of California to obtain a decree declaring that certain real and personal property which had been seized by a Collector of Internal Revenue was forfeited to the United States.

The information was based upon sections 3257, 3281, 3305, 3453 and 3456 of the Revised Statutes.

The property in question once belonged to the Fruitvale Wine and Fruit Company, a corporation of California. The acts that were set forth as constituting the grounds of forfeit-

ure were committed, if at all, while that corporation owned the property. Subsequently, June 9, 1888, the property was purchased by Wolters, Helm, Austin and Coffman at a public sale thereof by the assignee of the company — the consideration, $7700, being paid in cash to the assignee. They appeared and filed a demurrer to the original information. The demurrer was confessed, and an amended information was filed January 11, 1889.

Wolters, Helm, Austin and Coffman on the 19th day of April, 1889, filed an answer to the amended information, controverting its material allegations. The answer contained these among other averments: "That they [the claimants] have not sufficient information in regard to the several wrongful acts alleged to have been perpetrated by said corporation on which to found a belief; they therefore, on behalf of said corporation, deny all and singular the alleged fraudulent acts charged in said information as having been done and performed by said corporation."

On the 21st day of August, 1890, the claimants filed an amendment of their original answer, in which they averred that in December, 1888, W. Moore Young, who was secretary of the Fruitvale Wine and Fruit Company, and one of the owners of the property in question when the acts complained of in the original and amended information were committed, was indicted in the same court, and was convicted and sentenced to imprisonment for one year in the county jail. The claimants further averred that the acts complained of in this case were the same as those relied on by the Government in its prosecution against Young, and that because of the proceedings and judgment against Young the United States ought not to maintain its present action. The amended answer concluded: "These claimants aver the foregoing in addition to their answer already on file herein, and expressly rely not only upon this, but upon all of the allegations and denials contained in said original answer. And having fully answered, they pray as they have heretofore prayed in said original answer."

The demurrer to the amended answer was overruled by an order entered October 20, 1890, and an exception was taken

by the United States to the action of the court. 43 Fed. Rep. 846. On the next day the following decree was entered: "This cause came on regularly for trial before the court, sitting without a jury, a jury trial having been expressly waived in writing, the United States being represented by Willoughby Cole, Esq., United States attorney, and the claimants by Messrs. Brousseau and Hatch, and Henry C. McPike, Esq. Whereupon the United States attorney announced to the court that the facts set forth in the amended and supplemental answer heretofore filed by the claimants in this action, and to which a demurrer had been interposed by the United States and overruled by the court, might be considered by the court and taken as true for the purposes of this trial, as if the said facts had been proved by competent witnesses, but that they were insufficient in law to constitute a defence to this action. Thereupon the United States, by their said attorney, and the claimants by their attorneys aforesaid, submitted the cause to the court for its decision upon the pleadings in said cause and the said amended and supplemental answer, the facts as to the matter, as already stated, being taken as true, the court, after considering the same, orders and decrees that the libel herein be, and the same is hereby, dismissed."

The case was carried to the Circuit Court, and was pending there at its January term, 1891. On the 23d day of February, 1897, the judgment of the District Court was affirmed.

It is contended on behalf of the Government that the amended and supplemental answer did not present a valid defence, and therefore that the Circuit Court erred in affirming the judgment of the District Court. But if, independently of the particular question raised by the amended and supplemental answer, the judgment of the District Court dismissing the information was right upon any ground disclosed upon the record, the judgment of the Circuit Court affirming the judgment of the District Court should not be held to have been erroneous.

It cannot be doubted that by the information and the original answer the distinct issue was presented, whether the prop-

erty in question was forfeited to the United States by reason of the wrongful and fraudulent acts specified in the information. The answer put the Government upon proof of those acts. No proof was however made by the Government to establish the alleged grounds of forfeiture. Nevertheless, *the cause* was submitted for *decision* not only upon the facts set forth in the amended and supplemental answer, taking them to be true, but *upon the pleadings.* So that even if the District Court had been of opinion that the amended and supplemental answers were insufficient in law, it still remained for it to determine the rights of the parties upon the information and the original answer. As the original answer controverted the material allegations of the information, and as the cause was submitted for decision upon the pleadings, without any proof to sustain the allegations of fraudulent acts forfeiting the property, the final order dismissing the information was proper. If the claimants had withdrawn their denials of such allegations of the information as set forth the grounds upon which the Government asserted the forfeiture of the property in question, it would then be necessary to consider whether the conviction of Young precluded the United States from proceeding by information against the property. But the claimants did not take that course. They were careful in the amended and supplemental answer to say not only that the facts therein alleged were in addition to those set forth in their original answer, but that they relied upon the denials contained in the original answer.

Without considering the merits of the question raised by the amendment of the answer, we affirm the judgment of the Circuit Court upon the ground that there was no proof in the case to overcome the denials in the original answer of the averments of the information, and to show, as against the claimants, that the property had been forfeited.

*Affirmed.*