## HOWELL et al. v. FEDERAL LAND BANK OF SPOKANE.
### No. 8531.

Circuit Court of Appeals, Ninth Circuit.

Oct. 28, 1937.

Moe M. Tonkon and Samuel B. Weinstein, both of Portland, Or., for appellants.

John M. Colon, of Portland, Or., and Fred A. Knutsen, of Spokane, Wash., for appellee.

Before GARRECHT, DENMAN, and STEPHENS, Circuit Judges.

DENMAN, Circuit Judge.

This is an appeal from an order, made on the motion of the appellee, dismissing with prejudice a farmer-debtor's petition to effect a composition with his creditors or for extension of time to pay his debts. The petition was filed November 18, 1936, under section 75 of the Bankruptcy Act, as amended (11 U.S.C.A. § 203). The ground of dismissal was that the dismissal of a prior petition, filed May 11, 1936, by the same farmer-debtor was res judicata of the issues presented by the petition of November 18, 1936. There were no findings of fact or conclusions of law to indicate the ground of the previous dismissal.

The burden of proof to establish a prior adjudication of the same issue or issues between the same parties is upon the Federal Land Bank seeking dismissal on such grounds. Elliott Co. v. Roto Co. (C.C.A.2) 242 F. 941, 942; Vogel v. N. Y. Life Ins. Co. (C.C.A.5) 55 F.(2d) 205, 207.

There is no presumption that because the farmer-debtor was not entitled to such bankruptcy relief at one period he would not be entitled to it six months later. One of the principal ultimate facts in both cases was the value of the petitioner's estate with reference to its obligations upon which, in good faith, he could make proposals for a composition.

Here the estate was a farm and the party moving for a dismissal offered no evidence that its value was the same as at the time of the first petition. In the six months of 1936, with the restoration of confidence after the depression, it may have largely increased its value. There may

have been a valuable crop, such as hops, produced for the first time that summer. Minerals may have been discovered on the property. In the absence of such proof of identity of value, the decision on the first petition would not conclude the issues made on the second.

█ Likewise as to the interest of the petitioner in the farm, which he could offer, in good faith, in presenting his plan to the creditors. In the first petition it appeared that the petitioner owned but two-thirds of the farm. In the second petition it appeared that the petitioner had acquired the entire interest in the farm.

As to the interests of the creditors, to whom the offer of composition was to be made, it appears that the apparent third party owner of the third of the farm in fact held a mortgage on it, the real ownership being in the petitioner. In the second petition this third party appears as an unsecured creditor.

It is clear that the Federal Land Bank has not maintained its burden of proof that the issue and parties in the second petition were the same as in the first. The District Court should have entertained it on its merits.

Reversed.