**LEMM v. NORTHERN CALIFORNIA NAT. BANK et al.**

**No. 8363.**

Circuit Court of Appeals, Ninth Circuit.

Dec. 20, 1937.

Rehearing Denied Feb. 1, 1938.

.C. H. Sooy and C. D. Sooy, both of San Francisco, Cal., and Glenn D. Newton, of Redding, Cal., for appellant.

Carr & Kennedy, Francis Carr and Laurence J. Kennedy, all of Redding, Cal., for appellees.

Before DENMAN, STEPHENS, and HEALY, Circuit Judges.

HEALY, Circuit Judge.

This is an appeal from an order dismissing with prejudice a petition filed under section 75 of the Bankruptcy Act, as amended, 11 U.S.C.A. § 203.

There had been an earlier petition by appellant under this section, filed in November, 1935. Having failed to obtain an agreement with creditors, the appellant moved for a dismissal, and later amended her petition to seek relief in bankruptcy

under subdivision (s) of the section. Certain of the creditors then moved to dismiss the entire proceeding. On June 15, 1936, the court granted the motion of appellant to dismiss her petition under section 75 (a) to (r), as amended, 11 U.S.C.A. § 203(a–r), on the ground that no composition or extension had resulted. At the same time the motion of the creditors for the dismissal of the petition under section 75(s), as amended, 11 U.S.C.A. § 203(s), was also granted, for what reason the record does not disclose. On oral argument it was suggested by counsel for the appellees that the petition under section 75(s) was dismissed for the reason that the proceeding under the composition provisions had been voluntarily disposed of and there remained nothing on which to proceed further.

Eight days after the dismissal of her first petition the appellant filed the present petition for relief under the composition and extension features of the section. Her petition is presented "individually, and as administratrix of the estate of Charles L. Lemm," her deceased husband. The debts listed appear to be, in part at least, debts of the estate. She alleges that the property described in the annexed schedules is the property of herself and of the deceased. An order was made approving the petition as properly filed. A month later the appellee creditors moved for a dismissal of this petition. One ground of the motion was that the dismissal of the first proceeding of the debtor constituted a bar to the second. Two other grounds were also set up in the motion; these being that the petition was insufficient in law and that it was not filed in good faith. Attention was called to the fact that probate proceedings were pending in the superior court of the state, and it was asserted that the filing of the petition by the personal representative of the decedent was in disregard of the jurisdiction and authority of the state court.

■ Subsequent to the filing of this motion the appellant presented to the creditors a written proposal of compromise and extension. Thereafter, the motion of the appel-lee creditors for dismissal was heard and granted; no grounds being particularized. The debtor thereupon appealed. In the absence of the grounds upon which the order rests, we are required to affirm it if it may be sustained upon any ground. United States v. One Distillery, 174 U.S. 149, 19 S.Ct. 624, 43 L.Ed. 929.

■ This court has held, Howell v. Federal Land Bank of Spokane, 9 Cir., 92 F. 2d 703, decided October 28, 1937, that the dismissal of a prior petition of a farmer debtor is not necessarily a bar to subsequent proceedings under section 75 of the act, and that the burden of proof of establishing a prior adjudication of the same issues between the same parties is upon the creditor seeking dismissal. In the case before us the earlier proceeding of appellant had resulted in a failure to reach a composition with creditors, and a dismissal was voluntarily taken. Nothing was adjudicated. The later submission of a new petition for composition was not barred as res adjudicata. Rather, the question was whether the second petition was filed in good faith. If it appeared that conditions had in no way changed, it could reasonably be said that the second proceeding was instituted purely for the purpose of delay, hence that it was not bona fide. The question of good faith will be treated elsewhere in the opinion. We hold that the motion to dismiss was not well taken in so far as it was based on the ground that the dismissal of the first proceeding was in law a bar to the second.

■ Subdivision 9 of General Order 50, 11 U.S.C.A. following section 53, promulgated by the Supreme Court for proceedings under section 75, effective April 24, 1933, requires the personal representative of a deceased farmer who desires in his representative capacity to effect a composition of the debts of the estate to attach to his petition, among other things, a copy of an order of the probate court authorizing him to file a petition. Other steps are detailed in this subsection and in subdivision 10, some of which are summarized in the margin.[1] These requirements are man-

---

[1] If the petition is approved by the District Court as properly filed under the section, the clerk is then required to file with the probate court a certified copy of the order of approval, "and from the date of such order until the case is dismissed the district court shall exercise exclusive jurisdiction over the property required to be listed in the inventory." The inventory filed by the petitioner with the approval of the probate court is deemed to be correct. Only such claims as are allowed by the probate court shall be allowed by the commissioner; and the clerk is directed to file with the probate court certified copies of all orders of the judge relative to the proposal of the personal representative.

 

datory. An administrator is in a real sense an officer of the state court and is subject to its direction and control. 11A Cal.Jur. 77–79.. A proper respect for the jurisdiction of the state court demands a strict adherence to the provisions of the General Order. The bankruptcy court has no authority to entertain the petition of a personal representative of a deceased farmer unless authorization has been obtained by him from his supervisory court. No authority of this sort was presented by the petitioner and the rules mentioned were in no manner complied with. Since the motion of the appellee creditors to dismiss the petition was based in part on the petitioner's disregard of the jurisdiction and authority of the probate court, dismissal was proper. Dismissal with prejudice, however, would not be warranted on this ground alone. While appellant appears not to have requested leave to obtain or present the necessary authorization of the state court, it might be feasible for her to supply it.

■ The third ground of the motion was that the petition was not filed in good faith. The trial court made no finding on this point, and we may either determine the matter on the record before us or return the proceeding to the lower court to make the finding. Edwards v. Holland Banking Co., 8 Cir., 75 F.2d 713. We will pursue the former course.

■ The present petition of the appellant was verified under date of June 12, 1936, three days before she took a voluntary dismissal of her previous petition. No reason appears why any new proposal she may have had to offer could not as well have been made in the earlier proceeding. It is fair to conclude that the presentation of the second petition was prompted solely by a purpose on the part of the debtor further to delay her creditors in the enforcement of their rights. Turning to the proposal presented under her second petition, we find that she offers to pay, in full liquidation of her secured obligations, a sum commensurate with the fair and reasonable market value of the security as determined by an appraisal, on condition that she be given three years from the date of acceptance of the offer in which to pay such sum, petitioner to pay 5 per cent. interest on that sum during the period, plus an annual rental based on the earning capacity of the property. At the end of the 3-year period (during which the debtor was to remain in possession of the proper-

ty) petitioner proposed to pay the amount of the appraised value, and in the event she is unable to do so to convey the property to the secured creditor, or permit foreclosure, on condition that in either event the secured creditor would agree not to take a deficiency judgment. In her schedules she valued her incumbered real estate at $10,940, whereas the incumbrances amount to more than $19,000. The secured creditor is asked to agree to take, at the end of three years, substantially less than the amounts now owing him, with no assurance that he will get even the sum offered at the close of the period. No feasible plan is put forward for carrying into effect the terms of the proposal. Under subdivision (i) of section 75 of the act, 11 U.S.C.A. § 203(i), the proposal must include "an equitable and feasible method of liquidation for secured creditors and of financial rehabilitation for the farmer." Here, the proposition advanced was even less favorable to the secured creditor than the terms guaranteed him under section 75 (s) of the statute, as amended, 11 U.S.C. A. § 203(s). At the time the motion to dismiss was granted, the trial judge had this proposal before him, and was familiar with the circumstance that the new petition had been verified before the old was dismissed. There was ample evidence from which to conclude that the second petition was not filed in good faith, and we so find.

The order to dismiss with prejudice is affirmed.