**In re PRICE.**

**FIRST TRUST JOINT STOCK LAND BANK OF CHICAGO v. PRICE.**

Nos. 6270, 6289.

Circuit Court of Appeals, Seventh Circuit. Nov. 9, 1938.

Rehearing Denied Dec. 13, 1938.

692

C. M. Granger, of Kankakee, Ill., Sam Brittingham, of Danville, Ill., and Isaac E. Ferguson and Ben I. Greenebaum, Jr., both of Chicago, Ill., for appellant.

Lawrence T. Allen, Everett L. Dalbey, and Ray M. Foreman, all of Danville, Ill., for appellee.

Before EVANS, SPARKS, and MAJOR, Circuit Judges.

SPARKS, Circuit Judge.

This is an appeal in a proceeding under section 75 of the Bankruptcy Act, 11 U.S.C.A. § 203, from an order permitting the conciliation commissioner to have possession of the bankrupt's estate for a period of three years from September 1, 1936, under control and supervision of the court; directing the bankrupt to enter into a lease with the commissioner; directing the commissioner to administer the estate under the provisions of section 75(s), 11 U.S.C.A. § 203(s); enjoining and restraining appellant, the holder of a master's deed to the premises, from conveying, encumbering or otherwise disposing of such premises, or exercising any possession or control over them, and directing appellant to deliver its deed to the commissioner to be held by him until further order of the court; and providing that appellant might at any time submit to the court any facts indicating non-compliance of the bankrupt with the court's orders.

The appeal presents the question whether the court, under the facts here present, had any jurisdiction over the so-called estate of the bankrupt, which jurisdiction could be exercised to prevent the appellant from the free exercise of the rights acquired by it by virtue of the master's deed granted upon expiration of the statutory period of redemption in foreclosure proceedings involving the bankrupt's estate. We withheld decision of this cause pending decision of the Supreme Court in the case, Wright v. Union Central Insurance Company, 58 S.Ct. 1025, 82 L.Ed. 1490, announced by it on May 31, 1938.

The facts are as follows: On July 28, 1927, appellee executed a mortgage on the 160 acre farm involved in this proceeding. Default occurred, and on May 2, 1935, a foreclosure suit was filed in a state court, which proceeded to decree on September 3, 1935, and sale on October 8, 1935, to appellant for $15,062, with a deficiency decree of $2,000. This deficiency of $2,000 was paid by appellee and his wife on May 22, 1936. On September 1, 1936, appellee filed a petition under section 75 to effect a composition of his debts. The petition was referred to a conciliation commissioner on September 5, and on September 29, a plan was proposed by appellee, together with a petition for leave to correct his schedule by showing a credit of $2,000 theretofore paid on the deficiency decree. On November 5, the conciliation commissioner leased the premises to the debtor. On January 14, 1937, appellant, without notice to the debtor, petitioned the court to dismiss the debtor's petition under section 75 with re-

spect to the mortgaged property, setting up the fact that the period for redemption had expired on January 8, 1937, and that it was therefore entitled to a master's deed to the premises. On January 16, without notice to the debtor, the court dismissed the proceeding as to that property, authorized appellant to obtain the deed, and granted it the exclusive right to possession and control, free from the exercise of jurisdiction by court or conciliation commissioner in the bankruptcy proceedings. In accordance with this order, on January 18, the deed was issued, delivered, and recorded, and appellant entered into possession by a tenant. On January 23, the commissioner filed his report, and on January 30, the court ordered that the debtor have leave to amend his petition to include a prayer for adjudication under subsection (s) within ten days, and that in the absence of such amendment he show cause why the original petition should not be dismissed. Responding to the leave granted, on February 2, the debtor filed his amended petition praying adjudication in bankruptcy and such further relief as he might be entitled to, and on that date, the court adjudged him a bankrupt. On April 10, upon petition by the debtor, the court issued a temporary injunction order restraining appellant from transferring or encumbering the premises, and directing it to show cause why such injunction should not become permanent. On May 6, appellant moved to dissolve the order, which motion was denied, and, upon a finding that the debtor was probably in condition to rehabilitate himself during the next several years, it was ordered that the conciliation commissioner have possession of the premises for a period of three years from September 1, 1936, under the control of the court, and that the debtor enter into a lease with him; that the commissioner administer the bankrupt estate under the provisions of section 75(s); and that appellant be restrained from transferring or encumbering the real estate involved, and that it deliver to the commissioner the deed theretofore issued to it, to be held by him until further order of the court.

Subsection (n) of section 75, 11 U.S. C.A. § 203(n), provides as follows:

"The filing of a petition or answer with the clerk of court, or leaving it with the conciliation commissioner for the purpose of forwarding same to the clerk of court, praying for relief under section 75 of this Act, as amended [this section], shall immediately subject the farmer and all his property, wherever located, for all the purposes of this section, to the exclusive jurisdiction of the court, including all real or personal property, or any equity or right in any such property, including * * * the right or the equity of redemption where the period of redemption has not or had not expired * * * or where the sale * * * had not been confirmed, or where deed had not been delivered, at the time of filing the petition.

"In all cases where, at the time of filing the petition, the period of redemption has not or had not expired * * * or where deed had not been delivered, the period of redemption shall be extended * * * for the period necessary for the purpose of carrying out the provisions of this section. * * * In proceedings under this section, except as otherwise provided herein, the jurisdiction and powers of the courts, the title, powers, and duties of its officers, the duties of the farmer, and the rights and liabilities of creditors, and of all persons with respect to the property of the farmer and the jurisdiction of the appellate courts, shall be the same as if a voluntary petition for adjudication had been filed and a decree of adjudication had been entered on the day when the farmer's petition, asking to be adjudged a bankrupt, was filed with the clerk * * *."

In the case of Wright v. Union Central Insurance Company, supra, the Supreme Court held that section 75(n) of the Bankruptcy Act providing for the extension of the period of redemption was constitutional by virtue of the bankruptcy powers of Congress, and not violative of the Fifth or Tenth Amendments, U.S.C.A. Amends. 5, 10. We first thought that under the ruling in that case, since the master's deed was issued by leave of court on January 18, and the debtor did not petition to be adjudicated a bankrupt until February 2, the court had lost jurisdiction of the tract prior to the filing of the petition for adjudication, hence did not have the power to issue the injunction from which the appeal was taken. We therefore reversed the decree of the District Court. Upon further consideration of the matter, we are of the opinion that that result did not necessarily follow from the facts here involved.

The effect of subsection (n) conferring jurisdiction upon the bankruptcy court as to all property belonging to the

694

farmer at the time of the filing of his petition for composition or extension, is to continue in operation all rights as they exist at the time of the filing of the petition, for an unfixed period sufficient to enable him to attempt to obtain a composition or extension of his debts in accordance with the provisions of the original Act. Then if such attempt fail, he may apply for adjudication in bankruptcy and the benefits of subsection (s). In the meantime, we understand that the stay which came into effect upon the filing of his original petition remains in effect so that the court has jurisdiction over the property which it may exercise to grant the stay provided by subsection (s).

Applying these principles to the case at bar, it is clear that the court obtained jurisdiction over the debtor and his property upon the filing of his petition for relief under section 75(a)–(r), 11 U.S.C.A. § 203 (a–r), and that the debtor was entitled to have that jurisdiction continued for a reasonable period of time to enable him to proceed in accordance with its provisions. He duly submitted a plan which appellant says it rejected immediately upon receipt of it. The next steps were taken without notice to the debtor, namely, the dismissal of his proceeding for relief under section 75, and the authorization for the appellant to obtain the master's deed, merely upon a petition by appellant stating that the time for the period of redemption had expired; that it had not known of the proceedings under section 75 until January 8 (although it states elsewhere that it received notice of the proposal for composition on January 7, and the commissioner reported notice of the first meeting of creditors "given by publication and mailing of notices as provided in the Act"); and that it had leased the premises to a tenant for occupancy beginning March 1, 1937. We are of the opinion that the action of the court in thus dismissing the proceedings and allowing the deed to issue should not be permitted to prejudice the debtor's rights to proceed in accordance with the provisions of the statute. Under the ruling of the Supreme Court in Wayne Gas Company v. Owens Company, 300 U.S. 131, 57 S.Ct. 382, 81 L.Ed. 557, the court "has the power, for good reason, to revise its judgments upon seasonable application and before rights have vested on the faith of its action." There the Court held that a court of bankruptcy might, in the exercise of sound discretion, reopen an order dismissing a petition for reorganization under section 77B of the Bankruptcy Act, 11 U.S.C.A. § 207, and rehear the matter on the merits, notwithstanding that the time for appeal had elapsed. We think that case is authority for the action of the court in reopening the proceeding here, in effect vacating the order of dismissal, and preventing the use by appellant of rights wrongly obtained by the authorization of the issue of the master's deed at a time when the debtor was entitled to consider that his proceeding under section 75 was still pending. Upon the reconsideration the court found that the debtor had a reasonable likelihood of rehabilitation. Under these circumstances and in view of the rulings in the Wright and Wayne Cases, supra, we agree with the holding of the court that he was entitled to possession of his property for the period provided by law, under supervision and control of the court.

Decree affirmed.