In re PATE et al.

**PRUDENTIAL INS. CO. OF AMERICA v. PATE et al.**

Nos. 6335, 6362.

Circuit Court of Appeals, Seventh Circuit.
Nov. 9, 1938.

George E. Drach and Wallace T. Filson, both of Springfield, Ill., for appellant.

Colfax T. Martin, of Danville, Ill., for appellees.

Before SPARKS, MAJOR, and TREANOR, Circuit Judges.

SPARKS, Circuit Judge.

The holder of a master's deed to premises sold under foreclosure proceedings appeals from an order of the District Court permitting the farmer-debtors to remain in possession of the premises for a period ending three years after the filing of his original petition for relief under section 75 of the Bankruptcy Act, 11 U.S.C.A. § 203.

The farmer and his wife filed their petition for relief March 15, 1935, three days before the date fixed for a sale of his mortgaged premises under foreclosure proceedings. The District Court restrained the sale, but on June 15, 1935, vacated its restraining order, and the sale was thereupon had on July 15, 1935. On September 9, 1935, the District Court dismissed the bankruptcy proceeding and entered a judg-

ment for costs against each debtor. On June 23, 1936, the court reinstated the proceeding and granted the debtors leave to file their amended petition praying adjudication in bankruptcy, but on July 2, granted leave to appellant to proceed with its foreclosure in the state court, and authorized the receiver theretofore appointed by the state court to act as such. The order provided, however, that the appellant was not to transfer or assign its master's certificate, nor was the master to issue his deed until further order of the District Court, which was given November 25, 1936. On May 27, 1937, the debtors filed their petition praying that the master's deed be set aside and returned to the conciliation commissioner; for an accounting; and that their term of bankruptcy be extended to March 15, 1938. Acting on this petition, the court on June 25, 1937, ordered that the debtors be allowed to remain in possession until March 15, 1938, under a lease to be entered into between appellant and the debtors, and that appellant was to hold its deed in the meantime without transfer or incumbrance until further order of the court. It is from this order that appellant appeals. Determination of the issue presented depends upon the validity and construction of subsection (n) of section 75, 11 U.S.C.A. § 203 (n), conferring jurisdiction upon the bankruptcy court over all property of a farmer-debtor as to which he has an unexpired period of redemption at the time he files a petition for relief under section 75. The cause was held in abeyance by this court pending decision by the Supreme Court of the case of Wright v. Union Central Life Insurance Company, 58 S.Ct. 1025, 82 L. Ed. 1490. That case, decided May 31, 1938, held section 75(n) constitutional.

It is to be noted here that the sale of the property under the foreclosure proceeding had not even been held when on March 15, 1935, the debtors filed their petition for relief under section 75, nor had the period of redemption expired when on June 23, 1936, the court granted them leave to file their amended petition to pray adjudication in bankruptcy. They thereupon became entitled to an opportunity to comply with the provisions of section 75, subsection (s), 11 U.S.C.A. § 203(s), and to apply for the moratorium provided for by that section. See In re Price, 7 Cir., 99 F.2d 691, decided by this court, November 9, 1938. The action of the court on November 25, 1936, in permitting the appellant to obtain the master's deed rendered

the relief to which appellees might be entitled nugatory as long as the master's deed remained outstanding. There is no indication that the court took such action because it considered appellees not in a position to avail themselves of the relief afforded by section 75(s), but it merely stated that it appeared that the period of redemption had expired. In reconsidering its order, on petition of appellees, the court stated that the proceedings under section 75(s) were still pending, and it apparently felt that there was a possibility of rehabilitation although it did not enter a finding to that effect, hence that its action in permitting the deed to issue was contrary to the intent and purpose of Congress. It then corrected its former action as it had power to do under the ruling in Wayne Gas Company v. Owens Company, 300 U.S. 131, 57 S.Ct. 382, 81 L.Ed. 557. There was no error in this, and the decree is

Affirmed.