In re KEEVER et ux.

**FEDERAL LAND BANK OF LOUISVILLE, KY., et al. v. KEEVER et ux.**

No. 6363.

Circuit Court of Appeals, Seventh Circuit.

Nov. 9, 1938.

John S. Grimes, John F. Williamson, and Roger D. Branigin, all of Louisville, Ky. (Plummer & Plummer, of Wabash, Ind., of counsel), for appellants.

Samuel E. Cook, of Huntington, Ind., for appellees.

Before EVANS, SPARKS, and TREANOR, Circuit Judges.

SPARKS, Circuit Judge.

This appeal raises the question of the power of the District Court to set aside and annul a sheriff's deed issued after the filing of a petition for relief under section 75 of the Bankruptcy Act, 11 U.S.C.A. § 203, and prayer for a restraining order to prevent the issuance of the deed, of which petition the holder of the master's certificate and the sheriff both had notice prior to the issuance of the deed by the latter.

The petition for relief under section 75 was filed by appellees on March 23, 1937, and approved by the court as properly filed

on March 24. Prior to those dates, on February 14, 1936, a decree had been entered in a suit foreclosing a mortgage in favor of appellant bank, and on March 28, 1936, there had been a sale of the property to the bank which held a sheriff's certificate. On March 25, 1937, appellees filed a petition for an order to stay proceedings in the state court and to restrain the issuance and delivery of the sheriff's deed to the bank. Notices of this petition were served upon the bank and the sheriff after the expiration of the period of redemption on March 28, but notwithstanding such notice of the pendency of proceedings under section 75 and of the petition for a stay, on April 19, 1937, the sheriff executed and issued, and the bank received and recorded the deed here involved. On May 10, 1937, the bank filed an answer and cross petition to the petition of appellees for a restraining order, asking that the real estate be stricken from the debtors' schedules, and that an order issue, permanently enjoining appellees from harassing it in the operation and disposition of the real estate. Thereupon, on May 14, appellees filed their petition for an order to set aside the deed and have it declared null and void. On June 7, the three petitions were heard, and the court entered its order denying the petition of appellees for a restraining order; overruling and denying appellant's answer and cross petition; sustaining appellees' petition to set aside the deed; and setting aside the deed and declaring it null and void. It is from this order that appellants appeal.

Appellants assign as error the action of the District Court in assuming jurisdiction over the real estate in which the debtors had a "mere right of redemption" and in retaining jurisdiction over that property after the expiration of the period of redemption; in finding that the debtors were the owners of the real estate and entitled to the possession thereof; in finding that their petition was filed in good faith, sustaining their supplemental petition and setting aside the deed; and overruling the bank's cross petition.

It is clear from what has been said by this court in the cases, In re Price, 7 Cir., 99 F.2d 691, and In re Pate, 7 Cir., 99 F.2d 694, decided by this court November 9, 1938, following the decision of the Supreme Court in Wright v. Union Central Insurance Company, 58 S.Ct. 1025, 82 L.Ed. 1490, on May 31, 1938, that there was no error on the part of the District Court in assuming and retaining jurisdiction over the real estate of the debtors in which they had an unexpired right of redemption at the time of the filing of their petition under section 75, nor in the finding that the debtors were the owners of the property and entitled to the possession of it. Appellants both had notice of the pendency of the proceedings under section 75 prior to the issuance of the deed, and had no right to proceed further with the state court proceeding after the District Court as a court of bankruptcy acquired jurisdiction over the debtors and their property. Cf. Hoyd v. Citizens Bank, 6 Cir., 89 F.2d 105. It follows that the deed was wrongfully issued, and that the District Court had the power to set it aside since it interfered with the valid exercise of its jurisdiction.

Decree affirmed.