**In re ARMOLD.**

**ARMOLD v. EQUITABLE LIFE ASSUR. SOC. and three other cases.**

**Nos. 6457–6460.**

Circuit Court of Appeals, Seventh Circuit.

Dec. 17, 1938.

---

622

J. Edward Barce, of Kentland, Ind., and Thomas F. O'Mara, of Terre Haute, Ind., for appellants.

Henry I. Green, of Urbana, Ill., for appellee.

Before SPARKS, MAJOR, and TREANOR, Circuit Judges.

SPARKS, Circuit Judge.

These four appeals present identical facts and questions. All arise out of proceedings under section 75 of the Bankruptcy Act, 11 U.S.C.A. § 203. In each, a petition for relief under section 75 was filed on April 1, 1937, one day before the expiration, on April 2, of the period of redemption on the various tracts of land separately owned by the various farmer-debtors. In each, appellee, which had prosecuted proceedings to foreclose mortgages held by it against each tract, moved to strike the real estate from the schedules and that the debtor proceeding be dismissed

in so far as it purported to affect that real estate. In its motions appellee set up the fact that in each case, on either July 10 or 11, 1935, in a bankruptcy proceeding then pending, an order was entered by the bankruptcy court permitting it to proceed with the foreclosure of its various mortgages, and that no appeal was ever taken from those orders; that 'on April 2, 1936, in each case, the property had been sold to it; that there had been no redemption, and that a deed had accordingly issued to it (the date of such issuance is not stated); and that the debtor had no right, title or interest in the real estate, and improperly included a description thereof in his schedules. In each case, the court struck the real estate and dismissed the bankruptcy petition in accordance with appellee's prayer. The appeals were taken from those decrees.

■ The parties agreed, subject to leave of this court duly obtained, to have all four cases held in abeyance in this court pending application to the Supreme Court for writ of certiorari in the Corbett case, decision of which was to control the other three cases. The petition for writ of certiorari was denied by the Supreme Court, 303 U.S. 647, 58 S.Ct. 646, 82 L.Ed. ——, whereupon all four appellants filed their motions before this court to reinstate the proceedings in compliance with clause 5 of section 75(s), 11 U.S.C.A. § 203(s) (5), and reverse the judgments appealed from. Appellee filed its suggestions in opposition to the motion in each case, asserting that the appellants had submitted their causes to this court on the merits, and that the appropriate order in each cause would be of general affirmance. We took the cases under advisement on these motions to reverse and suggestions in opposition. There is also pending a motion filed in each case by appellee to dismiss the appeals because wrongly taken by order of the District Court in accordance with the provisions of section 24(a) of the Bankruptcy Act instead of by leave of this court under section 24(b), 11 U.S.C.A. § 47(a, b). Under our ruling in the case, In re Lowmon, 7 Cir., 79 F.2d 887, we are of the opinion that the appeal was properly taken, and the motion to dismiss is overruled.

In the Corbett, Monjon, and Bill cases there appears to have been an order of reference to a conciliation commissioner, and a report by him to the court to the effect that composition or extension appeared to

be impossible, followed by a petition by the debtor for adjudication in bankruptcy, stay of proceedings in the foreclosure cases, and relief under section 75. In all the cases it appears that there had been earlier proceedings under section 75. Appellee states in its suggestions in opposition to the petition for certiorari in the Corbett case, a copy of which it appends to its suggestions in opposition to the motion to reverse now under consideration by us, that the debtor voluntarily dismissed these earlier bankruptcy proceedings. The only order of record bearing on this is an undated one which reads as follows:

"Upon consideration of the Referee's report and recommendation in reference to additional attorney's fees and other expenses of administration to the persons therein named, the said report is approved, and

"It is ordered that the following sums be and they are allowed to the following persons, respectively, upon payment thereof being shown, the debtors petition for dismissal of this proceeding and cancellation of bond be granted and order entered:"

It appears from this statement of the facts that although all the petitions were filed prior to the expiration of the period of redemption, there was no consideration of the merits of any of the cases, but that all were dismissed because of the fact that that period of redemption had expired as to the real estate involved in each at the time the motions to strike were filed. Appellee asserts that this is not the case, but that its motions were predicated on the merits of each case, and it apparently relies upon the fact that the court had granted it leave to proceed with the various foreclosure proceedings prior to the filing of the petitions for relief under section 75 here involved. It also asserts that these petitions for relief under section 75 were an attempt to ignore and nullify all that had occurred under the earlier proceedings, which had been concluded and finally disposed of. It is sufficient as to this to say that the records as presented by these cases do not bear out these assertions, and that it does not appear that the debtors have ever been afforded an opportunity to seek relief under subsection (s). Even if we construe the undated, apparently conditional "order" quoted above from the record as an order of dismissal terminating Corbett's first proceeding for relief under section 75, we see no reason why the voluntary dismissal of the proceeding should militate against his right to institute a new proceeding under the same Act prior to the expiration of the period of redemption. The records here indicate that the petitions were so filed, and that they were dismissed upon a showing that the period had since expired. We have elsewhere stated our views as to the effect of subsection (n), 11 U.S.C.A. § 203(n), following the ruling in the case of Wright v. Union Central Insurance Co., 304 U.S. 502, 58 S.Ct. 1025, 82 L.Ed. 1490, decided by the Supreme Court on May 31, 1938. See In re Price, 7 Cir., 99 F.2d 691, In re Pate, 7 Cir., 99 F.2d 694, In re Keever, 7 Cir., 99 F.2d 696, In re Denney, 7 Cir., 99 F.2d 712, all of which cases were decided by this court this term. On the authority of those cases, appellants' motions to reverse the orders of the District Court are sustained. It is unnecessary for us to pass on the motions to reinstate the proceedings under section 75(s) (5), since the result of our reversal of the orders striking the real estate from the schedules and dismissing the proceedings under section 75, will be to reinstate the proceedings for consideration upon the merits.