**In re MONJON.**
**MONJON v. EQUITABLE LIFE ASSUR.**
**SOC. OF UNITED STATES.**

No. 7284.

Circuit Court of Appeals, Seventh Circuit.
July 2, 1940.

Samuel E. Cook, of Huntington, Ind., for appellant.

H. I. Green and Enos. L. Phillip, both of Urbana, Ill. (Green & Palmer, of Urbana, Ill., of counsel), for appellee.

Before SPARKS, MAJOR, and TREANOR, Circuit Judges.

SPARKS, Circuit Judge.

This is an appeal from an order of the District Court dismissing a petition filed under section 75 of the Bankruptcy Act, 11 U.S.C.A. § 203; striking certain real estate from the schedules of the debtor; and confirming title to that real estate in the mortgagee who had previously purchased it at a sale pursuant to foreclosure proceedings. This is the second appeal taken by appellant in these proceedings. The earlier one, decided by this court in December, 1938 (see In re Armold et al., 7 Cir., 100 F.2d 621), reversed an order of the District Court striking the same real estate from the schedules of the debtor and dismissing the same petition of the debtor on the ground that the period of redemption from foreclosure sale had expired prior to hearing on the petition, although that petition had been filed prior to such expiration. Reversing the decree of the District Court, we remanded the cause for consideration of its merits.

Upon remand to the District Court, appellee, the mortgagee-purchaser, filed its petition setting up certain facts which it alleged entitled it to the striking of the real estate, and confirmation of title in itself. The alleged facts were that the debtor had failed to pay rent for the use and occupation of the farm in compliance with the requirements of section 75 (s) (2) and an alleged order of the court; that rehabilitation was impossible; and that sale of the real estate in accordance with the provisions of section 75 (s) (3) would entail useless and unnecessary expense. The petition was referred to the Conciliation Commissioner for hearing, and he recommended the relief prayed, whereupon the order now before us on appeal was entered.

In order to understand the issues presented by this appeal, it is necessary for us to review the facts relating to the earlier litigation in which both these parties participated. In January, 1935, appellee filed its bill to foreclose its mortgage on the farm which constitutes practically the only asset of the debtor. This bill of complaint was filed in the District Court for the Northern District of Indiana. Subsequently, within the same month of January, 1935, the mortgagor filed her petition before that same court, for relief under section 75 of the Bankruptcy Act, followed in March, 1935, by her petition for adjudication as a bankrupt and leave to purchase the property under the Frazier-Lemke Act. Appraisers and a trustee in bankruptcy were appointed, and then, in July, 1935, the court authorized appellee to proceed with its mortgage foreclosure. December 23, appellant filed her petition to vacate her adjudication as a bankrupt and to dismiss her amended petition in bankruptcy. December 30, a decree of foreclosure was entered which included a provision that a receiver theretofore appointed in the foreclosure proceeding be continued, and that until further order of the court, all rents, issues and profits of the mortgaged premises be delivered to him.

Sale was had April 2, 1936, at which appellee bought in the property for $14,678, leaving a deficiency of $690 due appellee. The sale was duly approved in May, 1936, and in June, the debtor proceeding was dismissed.

April 1, 1937, one day before the expiration of the period of redemption in the foreclosure proceeding, the debtor filed a new petition under section 75 of the Bankruptcy Act, followed June 4, by her petition for adjudication as a bankrupt, for stay of proceedings in the foreclosure case, and for leave to purchase the property there involved, in accordance with the provisions of section 75 (s). It was the dismissal of this petition for relief among others, which was the subject of our ruling in Re Armold (Monjon), et al., 7 Cir., 100 F.2d 621.

Appellee urges now, as it urged in the earlier appeal heard by us, that because the bankruptcy court had expressly authorized the continued prosecution of the foreclosure proceeding, the debtor was without right to file a second petition for relief under section 75, having dismissed her first petition. We observe, however, that the authorization to continue foreclosure closely followed the decision by the Supreme Court of the case, Louisville Joint Stock Land Bank v. Radford, 295 U.S. 555, 55 S.Ct. 854, 79 L.Ed. 1593, 97 A.L.R. 1106, wherein that Court declared the Frazier-Lemke Act as it then stood, unconstitutional. The authorization preceded the amendment of the Act, August 28, 1935. We assume that the court's action was predicated on the ruling in the Radford case. We also observe that the debtor's petition to dismiss followed rather closely upon the ruling of this court in Re Lowmon, 7 Cir., 79 F.2d 887, wherein we held the amended Frazier-Lemke Act unconstitutional as applied to facts very similar to those involved in the proceeding then in progress. We have learned from subsequent rulings of the Supreme Court in Wright v. Vinton Branch, 300 U.S. 440, 57 S.Ct. 556, 81 L.Ed. 736, 112 A.L.R. 1455; Wright v. Union Central Co., 304 U.S. 502, 58 S.Ct. 1025, 82 L.Ed. 1490, and other cases, that our holding in the Lowmon case was erroneous. Under these circumstances we adhere to our ruling in the earlier case wherein we said [100 F.2d 623]: "* * * we see no reason why the voluntary dismissal of the proceeding should militate against his right to institute a new proceeding under the same Act prior to the expiration of the period of redemption."

Appellee also contends that a recent ruling of the Supreme Court in Union Joint Stock Bank v. Byerly, 310 U.S. 1, 60 S.Ct. 773, 84 L.Ed. 1041, announced April 22, 1940, upholds its contention that where leave was granted by the bankruptcy court for a secured creditor to continue prosecution of a foreclosure proceeding pending disposition of a section 75 proceeding, such procedure was voidable rather than void, and further proceedings pursuant to such leave are subject only to direct review, and not to collateral attack. It argued from this that since there was no appeal from the order authorizing the foreclosure suit to proceed, nor from the decree of foreclosure and the approval of the sale thereunder, both became final and may not be reviewed by the appeal now before us. Appellee loses sight of the very significant factual distinction between the situation here presented and that before the Supreme Court, namely, that here, the period of redemption had not expired when the petition for relief under section 75 was filed, whereas in the Byerly case, there was no bankruptcy proceeding pending when the sale became final by issuance of the sheriff's deed to the foreclosed property, and a petition for reinstatement of the proceeding for relief under section 75 was not filed until thirteen days thereafter. Hence, we are of opinion that the Byerly case is not authority for the dismissal of the debtor's petition in the case at bar.

With reference to the merits of the case, appellee has only the following to say:

"Under the naked facts in this case, beginning with the year 1931, when this debtor ceased to pay taxes on the land or interest on her mortgage, and coming down through the years over a ten-year period, she has paid less than $500.00 rent during the entire period on a farm she admits is worth $10,000.00 to $12,000.00, and which the proof shows should produce $8.00 per acre per annum rent, and on which she has a first mortgage lien ripened into a decree and deed, representing a present investment by the mortgagee of approximately $20,000.00 in the farm; where she has successfully held possession of the land through all these years and done absolutely nothing so far as the record shows, to even attempt to rehabilitate herself; has defied the orders of the Court to pay rent,

even to the extent of facing proceedings for contempt for disobedience of the Court's order in that regard, and escaped only by agreeing to pay less than $200.00 for one crop season in the period, and then broke that agreement and failed and refused to make that payment or any part of it; she certainly is not in a position to claim the right to remain in possession of the land for three more years, in the face of undisputed proof that there is absolutely no hope of her rehabilitation or reacquiring the title to the land in any manner contemplated by any sensible, reasonable, or valid construction of the provisions of the bankruptcy laws now in force."

In view of the provisions of the statute affording relief to distressed farmers, section 75 (a) to (r) and section 75 (s), the only fact among these which might be relied upon to sustain the termination of the proceeding is the failure to comply with orders of the court to pay rent. Although appellee has not called our attention to any such orders, we have searched the record for them, and find that the only possible factual foundation for this allegation is in an order entered by the District Court in connection with the foreclosure proceeding. December 30, 1935, that court entered its decree of foreclosure, incorporating therein a provision continuing the receiver theretofore appointed by it and directing that *all* rents, issues and profits of the mortgaged premises be paid over to said receiver. It appears from the testimony of this receiver in the record of this case that it was this appointment which was relied upon to confer authority upon him to collect rents from the debtor, and that no new appointment or order to pay rentals was made by the court of bankruptcy.

■■ Section 75 (s) (2) provides that a farmer-debtor may be permitted to retain possession of his property for a period of three years "in the custody and under the supervision and control of the court, provided he pays a reasonable rental semiannually. * * * The first payment of such rental shall be made within one year of the date of the order staying proceedings, the amount and kind of such rental to be the usual customary rental in the community where the property is located, based upon the rental value, net income, and earning capacity of the property. Such rental shall be paid into court * * *." While it is not clear from this

section who is to take the initiative in fixing the amount of rent due, and arranging for its payment, we are of the opinion that there must at least be some determination before a debtor can be held in default. We think that orderly procedure required this. It seems clear that an order entered in a foreclosure proceeding directing payment of *all* rents, profits and issues cannot be relied upon to furnish the basis for a contempt order in the bankruptcy proceeding which superseded the foreclosure proceeding. Upon the filing of her petition for relief under section 75, the debtor was entitled to a stay of all other proceedings for a period sufficient to enable her to proceed thereunder. Kalb v. Feuerstein, 308 U.S. 433, 60 S.Ct. 343, 84 L.Ed. 370, announced January 2, 1940; In re Price, 7 Cir., 99 F.2d 691. This stay would operate to suspend the foreclosure decree and all provisions thereof, so that pending determination of the bankruptcy proceeding, the receiver appointed under the former proceeding would cease to function, and the order of payment would also be suspended. Certainly we can see no justification for utilizing the terms of a decree which the debtor was entitled to have suspended upon the filing of her petition, to sustain a charge of non-compliance with the orders of the bankruptcy court which should have suspended it.

■■ We also find no warrant in the statute for the action of the court in dispensing with sale of the property, on the ground that such sale would merely entail additional and needless expense without benefit to the debtor, and confirming title to the premises involved in the mortgagee-creditor. Appellee points to the provision of the statute that if the debtor at any time fails to comply with the provisions of this section (75 (s) (3), or with any orders of the court made pursuant to this section, or is unable to refinance himself within three years, "the court may order the appointment of a trustee, and order the property sold *or otherwise disposed of* as provided for in this title." Appellee relies upon the italicized words to support the action of the court in dispensing with the sale. We are of opinion, however, that this confers no discretion upon the court to act in any way not provided by the Act itself. It is to be noted that subsection (3) includes a provision for the payment of the appraised or reappraised value into the court and "thereupon the court shall, by

an order, turn over full possession and title of said property, free and clear of encumbrances to the debtor * * *." This, we think, is the other disposition "as provided for in this title" contemplated by the statute. The statute does not confer upon the court the authority to dispense with sale and confirm title in the creditor.

■ The situation is quite comparable with that considered by the Supreme Court in Borchard, et al. v. California Bank, 60 S.Ct. 957, 960, 84 L.Ed. 1222, announced May 20, 1940, wherein that Court stated: "The petitioners [debtors] were entitled to compliance with the procedure required by the statute. The bank, at any time, could have obtained action by the Conciliation Commissioner and the court, in accordance with the statute. It cannot now maintain that the disorderly and unauthorized procedure followed by the parties is the equivalent of that prescribed by the statute and that, as the petitioners have not been able to rehabilitate themselves, it is entitled to enforce its liens." So here, we think the debtor has not had the advantage of the procedure prescribed by section 75 (s). We do not wish to be understood as agreeing with appellant's contention, implied in her brief, that she is entitled to start all over again with a three-year period in which to retain possession of her property. We merely hold that she is entitled to an opportunity to pay the appraised value of her property into court, or, if appellee demands it, a public sale, with opportunity to redeem within the 90 days provided by section 75 (s). In view of the fact that appellant has already retained possession for over three years since the filing of her original petition for adjudication, these steps should be expeditiously carried out by the court and the parties.

■ We deem it unnecessary to discuss a further contention of appellant, vigorously urged by her counsel in this case as in a number of other cases argued by him before this court, that the debtor is entitled to pay in the appraised value and obtain title to her property free and clear of liens, notwithstanding the provision of section 75 (s) (3), that "upon request in writing by any secured creditor or creditors, the court shall order the property upon which such secured creditors have a lien to be sold at public auction." We have heretofore fully set forth our reasons for holding contrary to this contention. See In re Lowman, 7 Cir., 107 F.2d 540; and In re Moon, 7 Cir., 107 F.2d 545.

The decree is reversed and the cause remanded for further proceedings in conformity with this opinion.