### In re KALB.

### KALB v. YELLOW MFG. ACCEPTANCE CORPORATION.

No. 7894.

Circuit Court of Appeals, Seventh Circuit.
April 20, 1942.

---

512

Elmer McClain, of Lima, Ohio, for appellant.

Adolph Mandelker, of Milwaukee, Wis., for appellee.

Before EVANS, SPARKS, and MINTON, Circuit Judges.

EVANS, Circuit Judge.

Appellant, debtor in a Sec. 75, 11 U.S.C.A. § 203, farmer-debtor proceeding, challenges an order which directed him to "surrender and deliver" to appellee two auto trucks, upon which appellee held chattel mortgages. The order was entered upon petition of appellee praying for such relief.

This proceeding was begun, May 28, 1941 (see opinion in companion case, 127 F.2d 509, decided this day). On July 20, 1941, appellee filed its petition with the Conciliation Commissioner (which petition does not appear of record, but is printed in appel-

lee's brief) alleging the purchase of the trucks:—(1) One truck was purchased on November 23, 1940, for $1165.95, on which $822.95 was due when appellee purchased the sales contract, which provided for monthly payments of $45.72; the payments for June and July of 1941 had not been paid. (2) The other truck was purchased, April 11, 1941, for $904.54, of which amount $631.48 remained unpaid when appellee acquired the contract. The monthly payments were to be $35.08, and the June and July, 1941, payments had not been made at the time of the filing of the petition.

Appellant's chief attack upon the order of the District Court is that it was entered at a hearing scheduled for another matter, and without prior notice to appellant that this matter would be heard. Appellee replies that no notice is necessary—that it is debtor's duty to keep posted on the proceedings before the conciliation commissioner and the court, and secondly, that any requirement of notice was dispensed with because of the presence of debtor and his counsel at the hearing at which the instant matter (and another) was considered. It is also argued that debtor's attorney was apprised of the filing of the appellee's petition with the Conciliation Commissioner.

Convinced as we are that debtor was informed of appellee's petition, we come directly to the debtor's excuses for failure to make the payments he agreed to make.

In the debtor's offer of composition he offered to "pay said debt in full as per terms of the mortgages." The offer of composition had not been acted on. At the July 1 hearing before the Commissioner, at which both sides were present, it was agreed, according to appellee's petition, that "Kalb would be allowed to retain possession of the * * * trucks on condition that payment of $80.80 (the regular payments) would be made each month commencing immediately, to * * * Conciliation Commissioner, who would hold the same in escrow for future disposition thereof. That such payment would be considered as evidence of the good faith of said * * * Kalb."

Debtor did not make such payment, but on July 3, debtor's attorney wrote appellee:

"Your letter of July 2 came this morning. Mr. Kalb filed his farmer debtor petition *solely* because he wishes to regain his farm which the mortgage holder has illegally held since March 15, 1935. * * *

"Your client is entitled to be paid and Mr. Kalb proposes to pay in full but he

would like to slow up some on the amount of the payments until the issue raised by the motion and petition to dismiss the farm is adjudicated.

"This is a drain on his resources which he had not anticipated and it comes at a time when he must slacken up on his hauling to attend to his farming. And his farming requires expense now with no present income.

"So I wish to ask whether your client will not be willing to accept one-half of the stipulated payments, either $80.80 every alternate month or $40.40 each month. Mr. Kalb is, and probably will continue to be, a good customer and he takes excellent care of his trucks. I think also there is ample equity in the security, especially in view of rising prices." (Italics ours.)

Appellee turned down this offer in view of the fact that the offer of composition provided for 100% payments as per its contracts.

Appellant's statement of the facts re his lack of notice is set forth in the margin.[1] His contention that he has been denied his property without due process of law, i. e., notice, is frivolous. The letter from debtor's counsel acknowledged receipt of the petition for surrender of the trucks.[2] He filed no answer or objection thereto. When the matter was called for hearing both debtor and counsel were in court. They refused to consider the petition on the ground that they had no notice of a hearing of said petition. They did not ask for a continuance. No suggestion was made that at a later date they could better present the facts upon which relief was dependent. Nothing further was done in the matter until the order of the District Court was entered October 20. Debtor had ample time after August 5 to inform the court as to the good faith of his promises. Instead, the record continued to date of order, as promises v. non-action.

We are not justified in disturbing an order—administrative in character—and calling for an exercise of sound discretion. Debtor made a promise to pay the purchase price of the two trucks. He asked no concession as to these two notes in his offer of compromise to the Conciliator, and he fixed the amounts and dates when he would make payments on said notes. This offer invited confidence in debtor's asserted good faith. The payments so promised, however, were not forthcoming. After missing two months' payments and when the creditor sought enforcement of the chattel mortgages, debtor's counsel proposed to change the terms of debtor's promise. He did not, however, make any payment on debtor's past indebtedness. Naturally, the creditor was interested in payments, not in promises.

This situation called for the exercise of judicial discretion. It was a discretion for the District Court to exercise. On review, we look only to ascertain whether there was an abuse of such discretion. We find none.

[1] "Counsel for the appellant was notified by letter from the clerk of the district court dated July 21, 1941, that another matter * * * would be heard by the district court on August 4, 1941. No mention was made of the Yellow Manufacturing Acceptance Corporation's petition.

"The hearing set for August 4 in the District Court was adjourned to August 5 and the pending matter was then heard. When the hearing of that matter was finished counsel for the Yellow Manufacturing Acceptance Corporation (without any prior notice to counsel for the appellant or to the appellant and without any knowledge on their part of his intention) presented his petition for an order to surrender the trucks. Counsel for the appellant was asked by the presiding judge whether he had anything to say on behalf of the farmer debtor and counsel stated that no notice had been given to the farmer debtor or any of his counsel that such a petition was to be presented or heard and that neither the farmer debtor nor his counsel had any knowledge that such a petition had been filed or that it had been set down for hearing or would be heard. Counsel further stated that he was not prepared to present the matter on behalf of the appellant, that said farmer debtor would not submit himself to the jurisdiction of the court over himself or the subject matter and that for the court to act upon it would deprive the farmer debtor of his constitutional right to due process of law.

"Nothing further was heard of the matter by appellant or his counsel until October 23, 1941, when a letter was received from the attorney for the appellee * * * and a copy of an order entered October 20, 1941, was served on the farmer-debtor-appellant."

[2] The letter of debtor's counsel showed conclusively that debtor's statement to the court that he was unaware of the existence of the petition, was untrue.

■ This order only affects possession. Sec. 75, sub. e gives to the court power to control property and its possession pending negotiations.

■ The District Court was justified in considering debtor's promises, his failure to keep the promises, his effort to change the promises without making any payments of the lesser sum which he proposed. Also in this picture was the debtor's effort to avoid the hearing, when the creditor sought an order from the court for the possession of the trucks.

The order of the District Court is affirmed.