## In re BOYER.
### No. 12623.

Circuit Court of Appeals, Eighth Circuit.

Nov. 4, 1943.

Elmer McClain, of Lima, Ohio, for debtor, appellant.

Before SANBORN and RIDDICK, Circuit Judges, and DELEHANT, District Judge.

DELEHANT, District Judge.

The appellant appeals from an order of the District Court denying approval of, and dismissing at his costs, his farm debtor's petition for relief under Section 75, subs. a to r, of the Bankruptcy Act, Title 11 U.S.C.A. § 203, subs. a to r; and asserts that the order was erroneous because it was beyond the authority of the District Court and unsupported by the record. No appearance is made here by any party other than the appellant.

The order is not predicated on any self-asserted ground or fortified by any memorandum setting forth the reasons sustaining it. From the record on which the appeal is submitted, it appears that, on November 5, 1934, the debtor filed a petition for relief under the act as it then stood, and, efforts in the direction of composition having failed, and before any amended petition under subsection s, in its form at that time had been filed, that action was, upon motion of a secured creditor dismissed by order of the district judge under date of February 11, 1935, on grounds wholly unconnected with the constitutionality of the law under which the procedure is made available; that a motion to vacate the order of dismissal and reinstate the original case was filed in the District Court on May 25, 1942, more than seven years after the entry of the order of dismissal; and that the motion for vacation and reinstatement was overruled by order of the district judge entered on June 25, 1942, from which no appeal was prosecuted.

The petition in this case was filed on May 15, 1943. It is, therefore, the appellant's second petition under the act, filed long after his former petition had failed to secure relief. The petition from whose rejection and dismissal this appeal was taken is in the form in which like petitions are usually presented; alleges the petitioning debtor's status as a farmer and the other conventional facts; and sets out certain items of indebtedness secured and unsecured and the ownership of certain personalty and of two parcels of real estate including a life estate in sixty-five acres, and the title in fee simple to a tract of approximately one hundred seventy-nine acres, both located in Scotland County, Missouri. The ownership of the life estate in the sixty-five acre parcel is unquestioned; but from the appellant's own petition, illuminated by the record he brings to this court, it appears that his ownership of any title to the one hundred seventy-nine acre tract is at least doubtful. A deed of trust upon it (scheduled in his later petition before the District Court as a secured debt) appears to have been foreclosed either during the pendency, or very shortly after the dismissal, of the former proceeding. And thereafter, and certainly while no bankruptcy proceeding was pending, the purchaser in foreclosure instituted against the appellant here a suit in ejectment in the Missouri state court, and thereby obtained judgment in ejectment and possession of the property in 1935.

■ Altogether apart from the question whether any claimed right or interest of the appellant in the one hundred seventy-nine acre tract is administrable in this proceeding, upon which no determination is now required or made, we consider that the District Court's order of disapproval and dismissal was erroneous. Upon its face the petition averred the jurisdictional elements under the statute. Other than the larger tract of land, it disclosed the ownership of personal property and the life estate in the sixty-five acre parcel. That is property conceivably subject to administration under the broad definition of the act. It also disclosed the existence of indebtedness against the appellant. By Title 11, U.S.C.A. § 203, sub. n, it is provided that: "The filing of a petition * * * shall immediately subject the farmer and all his property, wherever located, for all the purposes of this section, to the exclusive jurisdiction of the court, including all real or personal property, or any equity or right in any such property." See Mangus v. Miller, 317 U.S. 178, 63 S.Ct. 182, 87 L.Ed. ——.

■ Nor is the history of the appellant's prior proceeding under the farm debtor amendment an imperative bar to his quest for relief in the present case. Wragg v. Federal Land Bank, 317 U.S. 325, 328, 63 S.Ct. 273, 275, 87 L.Ed. ——, in which the Supreme Court declared: "* * * the dismissal of the original proceeding and denial of the application to reopen it were

not bars to a new proceeding under § 75 to secure whatever relief the Act would afford with respect to petitioner's remaining interest in the mortgaged property. We find no intimation in the language and purposes of the Act that an unsuccessful earlier proceeding would preclude a new petition so long as the farmer retains an interest which could be administered in a proceeding under § 75." See also Howell v. Federal Land Bank of Spokane, 9 Cir., 92 F.2d 703; Lemm v. Northern California National Bank, 9 Cir., 93 F.2d 709; In re Arnold, 7 Cir., 100 F.2d 621; In re Monjon, 7 Cir., 113 F.2d 535; In re Kalb, 7 Cir., 127 F.2d 511.

The prerequisites for jurisdiction being averred in the petition for relief, the District Court should have accepted it, allowing the scope, extent and details of administration to abide determination as issues dealing therewith might mature through proper and orderly pleadings after reference of the cause to the conciliation commissioner. John Hancock Insurance Co. v. Bartels, 305 U.S. 180, 187, 60 S.Ct. 221, 84 L.Ed. 176.

The case is, therefore, reversed and remanded for further proceedings consistent herewith.