## In re KALB.

No. 15528.

District Court, E. D. Wisconsin.
April 10, 1940.

J. Arthur Moran (of Moran & O'Brien), of Delavan, Wis., for mortgagee.

Elmer McClain, of Lima, Ohio, and James J. McManamy, of Madison, Wis., for debtor.

DUFFY, District Judge.

Ernest Newton Kalb and Margaret Kalb, his wife, are farmers who owned a farm in Walworth County, Wisconsin, which was subject to a mortgage owned by Henry Feuerstein and Helen Feuerstein. Foreclosure proceedings were commenced on March 7, 1933, and judgment of foreclosure was entered in the County Court of Walworth County on April 21, 1933. The sheriff sold the property under the foreclosure judgment on July 20, 1935.

On October 2, 1934, Ernest Newton Kalb filed in this court a petition under Section 75 of the Bankruptcy Act, 11 U.S.C.A. § 203. An order was entered on the same day, approving said petition and referring it to a conciliation commissioner. On June 27, 1935, an order was entered in this court dismissing the petition. Thereafter, on September 6, 1935, an order was entered in this court reinstating the plaintiffs' petition as of October 2, 1934, and vacating the order of June 27, 1935.

While said proceedings were pending in this court, the Walworth County Court confirmed the sheriff's sale. The sheriff executed a deed to Henry Feuerstein and wife and on December 16, 1935, the Walworth County Court issued a writ of assistance. On March 12, 1936, the sheriff executed the writ by ejecting Mr. and Mrs. Kalb and their family from the farm. On March 17, 1936, an order was entered in this court dismissing Kalb's petition, based upon a report of the conciliation commission, as follows: "5th: That the applicant failed to make any offer to creditors and failed to file an amended petition, and therefore this conciliation commissioner recommends that this petition be dismissed."

The action of the County Court of Walworth County in the foreclosure proceedings was affirmed by the Supreme Court of Wisconsin, 285 N.W. 431; but the United States Supreme Court in an opinion rendered January 2, 1940 (308 U.S. 433, 60 S. Ct. 343, 84 L.Ed.——), held that the County Court of Walworth County was without power to have confirmed said sheriff's sale while an application was pending in this court under Section 75 of the Bankruptcy Act. The Supreme Court said (308 U.S. at page 443, 60 S.Ct. at page 348, 84 L.Ed. ——): "Because that State court had been deprived of all jurisdiction or power to proceed with the foreclosure, the confirmation of the sale, the execution of the sheriff's deed, the writ of assistance, and the ejection of appellants from their property—to the extent based upon the court's actions—were all without authority of law."

The United States Supreme Court sent the cases back to the Supreme Court of Wisconsin for further proceedings not inconsistent with its opinion.

Two matters are now pending in this court. The first is the petition filed by Ernest Newton Kalb on February 28, 1940, and an amended petition filed March 18, 1940, in which he sets forth that his prior petition was dismissed on March 17, 1936, without authority at law and without notice to him. The prayer of the petition is that a rehearing be had on the order entered in this court on March 17, 1936, and that the petitioner be afforded an opportunity to present to this court proof of the facts set forth in his petition to the end that the order entered herein on March 17, 1936, be vacated, and that petitioner be permitted to avail himself particularly of subsections n and s of Section 75 of the Bankruptcy Act.

The Feuersteins appeared by counsel and objected to the reopening of the proceedings, and after hearing arguments the court instructed that briefs be filed. Prior to a decision by this court upon said petition, Ernest Newton Kalb entered upon the premises in question on April 6, 1940, and began to plow up with a tractor and harrow, a certain part of the farm upon which clover and timothy hay had been planted. The second matter now pending is the motion made by the Feuersteins that a restraining order be issued enjoining the said Ernest Newton Kalb from coming upon said real estate and from plowing up or destroying any of the crops or interfering with the management, control, and cultivation of said farm.

Mr. Kalb by counsel has appeared and opposed the granting of any restraining order on the ground that this court has no jurisdiction to prevent Kalb from doing anything he desires with reference to the cultivation of the farm.

If Kalb's petition under Section 75 of the Bankruptcy Act is pending before this court, there is no question as to the power and authority of this court to make any reasonable order with reference to the property. Subsection e provides: "* * * After the filing of the petition and prior to the confirmation or other disposition of the composition or extension proposal by the court, the court shall exercise such control over the property of the farmer as the court deems in the best interests of the farmer and his creditors."

And subsection n provides: "The filing of a petition or answer with the clerk of court, or leaving it with the conciliation commissioner for the purpose of forwarding same to the clerk of court, praying for relief under this section, shall immediately subject the farmer and all his property, wherever located, for all the purposes of this section, to the exclusive jurisdiction of the court, including all real or personal property, or any equity or right in any such property * * *."

The same sub-section also provides that the court shall have the same jurisdiction with reference to the property of the farmer as if a voluntary petition for adjudication in bankruptcy had been filed and that a decree of adjudication had been entered.

The situation resolves itself to this: If the petition of Kalb for reinstatement of his proceedings under Section 75 is granted, then clearly the court has the necessary power and jurisdiction to enter an order respecting the property in question; but if the court declines to reopen the proceedings and declines to vacate the order of this court dated March 17, 1936, then there is nothing before this court, and there would be no power or authority to enter a restraining order.

Kalb did not reach an agreement with his creditors. He did not make any offer in writing, although the affidavit of the conciliation commissioner showed that any such offer was required to be in writing. Under such circumstances Kalb might have amended his petition and asked to be adjudged bankrupt under subsection s, but there was nothing in the act which required that he take such a step. He had two alternatives: he could have amended and asked under subsection s to be adjudged a bankrupt; or he could have abandoned the proceedings. Although his original petition was filed on October 2, 1934, Kalb apparently was unable to reach any agreement prior to the dismissal of proceedings on September 27, 1935. Thereafter the proceedings were reinstated on October 6, 1935, and Kalb apparently made no headway with his creditors prior to the dismissal on March 17, 1936. At the time that the commissioner's report was made on March 11, 1936, Kalb was still in possession of his farm.

When Kalb submitted himself to the jurisdiction of the bankruptcy court, he and his counsel were presumed to know that such proceedings are in rem and not in personam; and all persons are presumed to have knowledge of any judgments or final orders therein. Kalb was not denied due process any more than were the Feuersteins, whose proceedings in the state court were suspended without notice to them when the original proceedings were filed in this court. Kalb instituted the proceedings and sought the protective jurisdiction of the bankruptcy court. Creditors and lien claimants were required to take notice of those proceedings. Kalb was in the same situation.

There is no contention or claim that the Kalbs did not have actual notice that the proceedings in this case were dismissed. At that time, the Kalbs owed seven years' interest on their mortgage, which amounted to over $2,000; and five years of delinquent taxes, amounting to approximately $1,000, had accumulated.

The Circuit Court of Appeals for this circuit, in the case of In re Cresap, 99 F. 2d 722, 727, said: "It is quite true that amended subsection (n), 11 U.S.C.A. § 203 [sub.] n, subjects the farmer and all his property, for the purposes of section 75, to the exclusive jurisdiction of the court from the time the farmer's petition for composition and extension is filed. A reasonable construction of that subsection would continue that jurisdiction for the purpose of permitting the debtor to ask for an adjudication if he failed in the composition, providing he asked for it within a reasonable time and before his reinstated petition for composition was rightfully dismissed. * *"

■ A petition for reinstatement of proceedings. four years after the order of dismissal, from which no appeal was taken, is not timely. The Kalbs evidently intended to abandon the proceedings which they had instituted, and the court will not at this late date order that such proceedings be reinstated. The motion for such reinstatement will be denied.

■ Inasmuch as the order of March 17, 1936, will not be vacated, this court has no jurisdiction to restrain Mr. Kalb from entering upon the premises in question. There is nothing pending under Section 75.