In re KALB.

KALB v. FEUERSTEIN et al.

No. 7350.

Circuit Court of Appeals, Seventh Circuit.

Nov. 8, 1940.

Rehearing Denied Jan. 8, 1941.

Elmer McClain, of Lima, Ohio (James J. McManamy, of Madison, Wis., of counsel), for appellant.

J. Arthur Moran, of Delavan, Wis., for appellee.

Before SPARKS, MAJOR, and KERNER, Circuit Judges.

MAJOR, Circuit Judge.

This is an appeal, notice of which was filed in the District Court April 17, 1940, from an order entered March 17, 1936, dismissing a proceeding instituted by appellant under Section 75 of the Bankruptcy Act, 11 U.S.C.A. § 203, and from an order entered April 16, 1940, denying appellant's motion for reinstatement of the proceedings dismissed March 17, 1936.

On October 2, 1934, the appellant being indebted to appellees on a farm mortgage given in 1923, and in default, filed his petition as a farm debtor under Section 75 of the Bankruptcy Act. The proceeding was referred to a Conciliation Commissioner who filed a report June 27, 1935, in which it was reported, among other things, that the principal secured creditors refused to accept debtor's proposal, and that "there was no amended petition filed

in this matter." On the same date this report was made, the court entered an order dismissing appellant's petition. Subsequent to the re-enactment of Section 75, sub. s, the petition was, on September 6, 1935, reinstated and the cause again referred to the Conciliation Commissioner. In the petition for reinstatement, the prior proceedings were recited, as well as the provisions of the re-enacted Subsection s providing for the reinstatement of such proceedings. The petition concluded "that the said petitioner was then and still is a farm debtor and prays for an order that the said petition heretofore filed by him and the benefits he claimed thereunder, be reinstated and he be given relief in accordance with Section 75 thereof as amended."

The Commissioner's second report was filed March 17, 1936, in which it was reported, among other things, that at a meeting of creditors set for January 22, 1936, no one appeared except the appellant, and that the meeting was twice adjourned and continued, and that at all of said meetings no one appeared except appellant; that appellant "failed to make any offer to creditors and failed to file an amended petition," and the Commissioner recommended that the petition be dismissed. Acting upon said recommendation, the court, on the same day and without notice to appellant, entered an order dismissing the petition.

While the proceeding was pending in the District Court, a mortgage foreclosure was commenced by appellees in the State Court of Wisconsin on March 7, 1933, judgment of foreclosure was entered and the property sold in conformity with said judgment. In the meantime, appellant was ejected from the farm. This foreclosure proceeding was litigated through the Supreme Court of Wisconsin (231 Wis. 185, 285 N.W. 431) and the Supreme Court of the United States. 308 U.S. 433, 60 S.Ct. 343, 84 L.Ed. 370. The holding of the latter court was to the effect that the State Court was without jurisdiction to entertain the mortgage foreclosure during the pendency of a proceeding in the Federal Court under Section 75 of the Bankruptcy Act.

Following the announcement of the decision of the United States Supreme Court, appellant, on March 18, 1940, applied to the United States District Court for a rehearing of the order of March 17, 1936, dismissing his proceeding and for its reinstatement. In the application for reinstatement, it is stated:

"Your petitioner further represents the order entered on the 17th day of March, 1936, dismissing his petition, was made without authority of law and that the same deprived your petitioner of his rights for conciliation and composition under his petition so filed.

"And that dismissing the plaintiff's petition deprived him of the benefits of the provisions for adjudication of a farmer debtor bankrupt pursuant to subsection s of Section 75 of the Bankruptcy Act as amended."

In connection with its denial of appellant's petition for reinstatement, the court entered an order restraining the appellant from disturbing possession of the farm pending the final result of this appeal.

Two questions are presented by appellant: (1) Did the District Court have authority to restrain appellant from entering the property? and (2) did the court err in its refusal to reinstate the proceeding under the Farm Debtor Act? We shall first consider the latter question.

As we understand appellant's argument, it is to the effect that the dismissal of appellant's petition without notice on March 17, 1936, has resulted in depriving him of the benefits provided by Section 75, sub. s. In support of this position, it is contended that the petition, when reinstated on September 6, 1935, resulted in appellant being brought under, and entitled to, the benefits of Section 75, sub. s. It is true that the petition for reinstatement filed September 6, 1935, requested that the former petition be reinstated "and he be given relief in accordance with Section 75 thereof as amended," but it is equally true that the parties undoubtedly considered the proceedings at that stage as merely a continuation of the proceedings under Section 75, subs. a to r. This is apparent from the fact that when the matter was referred the second time to the Conciliation Commissioner, a time for a meeting of the creditors was fixed, which was adjourned from time to time, which meetings were attended by appellant without his making any offer to creditors. There is nothing in the Commissioner's report which indicates that any proceeding was pending or intended to be pending under Subsection s. Counsel for appellant so recognized in his

petition for reinstatement filed February 28, 1940, when he refers to the dismissal order of March 17, 1936, as a "conciliation proceedings for a composition of the petitioner's debts," and also alleges that by reason of said dismissal, appellant was deprived of his rights "for conciliation and composition" and also that the dismissing of such petition deprived him of the benefits of the provisions for adjudication under Subsection s. It is difficult to see how petitioner was deprived of his right to proceed under Subsection s by this order of dismissal. The Conciliation Commissioner, in his report, stated that the appellant "failed to file an amended petition," and the court, in its order of dismissal, stated: "That the debtor has failed to make an offer of composition to his creditors and also failed to file an amended petition praying for adjudication of bankruptcy."

It is argued by appellant that under Subsection s the Conciliation Commissioner has nothing to do with an amended petition but that this must be filed in the first instance with the court. We are inclined to think this is correct athough it would appear that the provision of subsection q requiring a Conciliation Commissioner, upon request, to assist any farmer in preparing and filing a petition and in all matters subsequent thereto, would at least require the Commissioner to assist the debtor, upon request, in preparing and filing an amended petition. In John Hancock Mutual Life Insurance Co. v. Bartels, 308 U.S. 180, at page 182, 60 S.Ct. 221, 84 L. Ed. 176, it would appear that the debtor filed his amended petition requesting to be adjudged a bankrupt with the Conciliation Commissioner. We do not regard it as necessary, however, to decide this dubious question of procedure.

 It must be conceded that if appellant's petition for reinstatement of September 6, 1935, be regarded as an application under Subsection s, that he had from that date until March 17, 1936, to amend his petition "asking to be adjudged a bankrupt." It appears certain that Subsection s is not automatic or self-executing, but that a debtor desiring the benefits thereof must assume the initiative and meet the requirements which are imposed by the Statute. In Union Joint Stock Land Bank v. Byerly, 310 U.S. 1, 8, 60 S.Ct. 773, 84 L. Ed. 1041, it was held that the provision of Subsection s would not automatically re-

instate an earlier proceeding which had been dismissed. We understand therefrom that affirmative action is required by the debtor in order to effect reinstatement, and it would appear that such action is likewise required before a debtor is entitled to any benefits under this section. In the first place he must, by petition or answer, ask to be adjudged a bankrupt. That is the basic step required to bring him within the terms of the Act. Other enumerated requirements must be met by the debtor before he is entitled to any benefits. This is made plain by the provision "when the conditions set forth in this section have been complied with, the court shall stay all judicial or official proceedings in any court * * *." Then the Act proceeds to enumerate the benefits which the debtor may receive.

 Also, if appellant's petition for reinstatement of September 6, 1935, be construed as a request for benefits provided by Subsection s, the fact remains that no amended petition was filed by him asking that he be adjudged a bankrupt. But it is argued that by the order of dismissal of March 17, 1936, without notice, appellant was deprived of such right. We are unable to accept this contention. Ignoring the fact that he failed to file an amended petition with the Commissioner, and assuming that he was not required to do so, yet the burden rested squarely upon him to do so in the court within a seasonable time. We do not see how he was relieved of his duty in this respect from the fact that his petition was dismissed. If he had made application to file such amended petition in a reasonable time, we think the court would have been obliged to permit it. According to appellant's contention, he had no notice of the order of dismissal and this, therefore, could afford him no reason or excuse for not proceeding or attempting to proceed seasonably under Subsection s. It is, therefore, our view that the order of dismissal did not and could not have affected the rights of appellant. He is in precisely the same position as he would have been had there been no order of dismissal. Assume, after the last report of the Conciliation Commissioner, that no such order had been entered, and that the cause remained pending from that time to the present—would anyone contend that appellant, four years subsequent to such report, could for the first

time ask to be adjudged a bankrupt and proceed under Subsection s? We know of no authority which countenances such an unreasonable delay. We are satisfied that the Act must be construed as requiring the debtor, after he has failed to effect a satisfactory composition or extension with his creditors, to proceed seasonably to comply with the requirements of Subsection s if he desires the benefits provided thereby. The situation in which appellant now finds himself is not the result of the action of the court in dismissing his petition, but his failure to seasonably make application under Subsection s.

Much stress is placed upon the mortgage foreclosure in the State Court, during which appellant was illegally dispossessed of his farm, as held by the Supreme Court of the United States. We do not see how that case has any pertinency to the question now before us. We are in no position to correct or afford relief for the illegal acts committed by the State Court and its officials. Neither can the litigation afford any excuse for appellant's failure to comply with the mandate of subsection s if he desired to seek the benefits thereof.

We therefore conclude that the court committed no error in denying appellant's motion for a reinstatement of his petition which the court had dismissed on March 17, 1936.

Appellant also complains of the court's order restraining him from entering the property in controversy. We do not see how either party to this appeal would be benefited by a decision of this question, and we shall not discuss or decide it.

Appellees have contended that the appeal should be dismissed as it was not taken in proper time from the order of March 17, 1936, dismissing appellant's petition, and that the order of April 16, 1940, also appealed from, was merely a review of the former order and, therefore, no appeal could properly be taken from it. We think there is merit in the contention, but we prefer to decide the case on other grounds and find it unnecessary to decide the somewhat technical argument presented by appellees in this respect.

The order of the District Court is affirmed.