In re KALB.

FEUERSTEIN et al. v. KALB.

No. 7874.

Circuit Court of Appeals, Seventh Circuit.
April 20, 1942.

J. Arthur Moran, of Delavan, Wis., for appellants.

Elmer McClain, of Lima, Ohio, for appellee.

Before EVANS, SPARKS, and MINTON, Circuit Judges.

EVANS, Circuit Judge.

This appeal is from an order refusing to strike certain real estate from debtor's schedules.

Debtor, on October 2, 1934, filed his petition under Sec. 75 of the Bankruptcy Act, as amended, 11 U.S.C.A. § 203, and sought a compromise, and extension, of his debts. On June 27, 1935, the proceedings thus instituted were dismissed by order of the court. On September 6, 1935, an order of reinstatement of said proceedings was duly entered, and on March 17, 1936, the court again entered an order dismissing said proceedings. In this order it was recited that debtor had failed to make any offer of compromise to his creditors or to take other steps.

On February 28, 1940, debtor filed a petition asking reinstatement of the petition originally filed in 1934, and dismissed, March 17, 1936. On the 18th of March, he filed an amended petition for reinstatement of his petition filed October 2, 1934, and prayed for a rehearing of the order of March 17, 1936.

On April 16, 1940, the District Court denied the petition for reinstatement and the vacation of the order referred to. 32 F.Supp. 356. Debtor appealed. On November 8, 1940, this court affirmed the order of the District Court. 116 F.2d 775. The Supreme Court denied certiorari. 313 U.S. 568, 61 S.Ct. 940, 85 L.Ed. 1526.

On May 28, 1941, debtor filed a new petition under Sec. 75 and prayed that relief be given as provided for in said section.

Below we present chronologically the story of leading events.[1]

In this petition he asserted that he owned a farm in Walworth County, Wisconsin, of which he had been unlawfully dispossessed by appellants. The latter held a mortgage against said farm, given to secure two notes, aggregating $6,000, executed March 6, 1923, and upon which there was a default in the payment of interest and principal.

Respecting this land and the title thereto, it appeared that appellants, as the owners of said notes and mortgage, instituted a foreclosure suit in a state court of Wisconsin and obtained a decree of foreclosure and sale on April 21, 1933. Sale was thereafter had, but before confirmation by the court, the first petition under Sec. 75 was filed with the U. S. District Court. Thereafter, however, the sale was confirmed by the Wisconsin state court, and its action was affirmed by the Supreme Court. 231 Wis. 185, 285 N.W. 431. The United States Supreme Court reversed the decision of the Wisconsin Supreme Court (Kalb v. Feuerstein, 308 U.S. 433, 60 S.Ct. 343, 84 L.Ed. 370), but not until the appellants had been given possession of the farm by the sheriff of Walworth County. Following the decision of the United States Supreme Court, action was brought by debtor against the judge, sheriff, and appellants to recover damages suffered through his unlawful dispossession of his farm and for personal injuries suffered in the forceable eviction of debtor by the sheriff. This action was tried in Wisconsin, and resulted in a verdict in favor of the defendants. The Wisconsin Supreme Court affirmed the judgment entered on this verdict. Kalb v. Luce, 239 Wis. 256, 1 N.W.2d 176.

Debtor also sued appellants for an accounting for the use of the property unlawfully taken from him. This suit is pending in the state court.

In the last petition of said debtor to the District Court, the real estate above referred to was listed in debtor's schedules, as is an asserted cause of action for $25,000 for alleged damages resulting from the unlawful eviction of the debtor from the farm in question.

Appellants moved "to strike the real estate from the schedules filed by the debtor and remove the same from the jurisdiction of the court of bankruptcy" and also to grant leave to the appellants "to proceed with the confirmation of the sheriff's report of sale, in the state court."

The court denied this motion, but with leave to file a motion to dismiss if the debtor took no further action prior to January 1, 1942.

It is from this order that this appeal was taken.

The fundamental legal question before us is the right of a farmer-debtor to file a second petition under Section 75 of the Bankruptcy Act after a dismissal of a previous, like petition.

The District Court grounded its decision on the alleged change in the financial situation of the farmer-debtor. It indicated that its answer might have been in the negative, if the financial situation had remained unchanged between the date of the dismissal of the first petition and the filing of the second.

We are satisfied that the debtor may file successive petitions under Section

---

[1] March 6, 1923 Two notes executed by appellee to appellants totalling $6,000, secured by mortgage on farm. (Interest of $1500 has since accrued.)
April 21, 1933 Judgment of foreclosure and sale in state court.
Oct. 2, 1934 Kalb's first petition under Sec. 75.
June 27, 1935 District Court dismissed the Sec. 75 proceedings.
July 20, 1935 Sheriff's sale.
Sept. 6, 1935 District Court's order of reinstatement of Sec. 75 proceedings.
Mar. 17, 1936 Sec. 75 proceedings dismissed because debtor failed to make offer of composition.
Feb. 28, 1940 Petition to reinstate Sec. 75 proceedings.
Apr. 16, 1940 Petition for reinstatement denied.
Nov. 8, 1940 C. C. A. affirmed District Court denial of reinstatement.
Apr. 20, 1941 Supreme Court denied certiorari.
May 26, 1941 Supreme Court denied petition for rehearing, 313 U.S. 599, 61 S.Ct. 1094, 85 L.Ed. 1552.
May 28, 1941 Sec. 75 proceedings filed below.
July 18, 1941 Feuersteins' motion to strike real estate from schedules.

See, also, Kalb v. Feuerstein, 308 U.S. 433, 60 S.Ct. 343, 84 L.Ed. 370, where the U. S. Supreme Court held the mortgagees' ejection of the farmer-debtor to be wrongful.

75.[2] While this right exists in the debtor the court may, upon a proper showing, dismiss the second or third proceedings. This would not be because of the filing of prior proceedings, but that fact, together with others, if shown to exist, might well justify a court in directing a dismissal of the proceedings. Just as a court of equity may, for various reasons, dismiss suits, so here, if the facts show an abuse of process or any other facts which would defeat petitioner's right to relief, the court may dismiss. The right to litigate does not justify an abuse of legal process. (17 Am. Jurisprudence 88.) In fact a statutory requirement of Section 75 is a good faith showing by the petitioning farmer-debtor.

A change in the financial condition of the debtor is not the only factor to be considered. Great delay, estoppel, inequitable action, as well as other causes, might justify the District Court's dismissal.

 The reason given by the District Court here is a sound one, probably the most persuasive one. A change in the debtor's financial condition—either an increase, or change, of assets or an increase of debts with a change of creditors,—would ordinarily justify the second proceedings and relieve them of objections which a creditor might advance if the schedules of assets and list of creditors were the same in both proceedings.

 The District Court very properly imposed a condition that the order denying appellants' motion was "with leave (on appellants' part) to file a motion to dismiss if the debtor has taken no further action prior to * * *". January 1st. The time which elapsed since the filing of the first petition under Sec. 75, would ordinarily have justified the dismissal of the proceedings for laches, estoppel, lack of diligence, and inequitable conduct on the part of the debtor who was seeking relief. Seven years of nonaction under first petition would, under ordinary circumstances, be such a delay as to justify dismissal of debtor's petition. However, the circumstances were anything but normal, and we cannot say there was an abuse of discretion.

Moreover, the appellants did not seek a dismissal of the petition, but rather an order striking the real estate from the schedules and giving them leave to seek confirmation of the foreclosure sale in the state court. Denial of this relief was clearly proper. There had never been a valid confirmation of the sale in the state court and therefore debtor had an interest in the real estate which not only permitted, but required him, to list said real estate in his schedules. Permission to obtain the long delayed confirmation of sale in the state court[3] was inconsistent with the relief sought by the debtor, which is a compromise of, or an extension of, his debts, including appellants'.

The decree of the District Court is affirmed.

[2] Howell v. Federal Land Bank, 9 Cir., 92 F.2d 703; Lemm v. Northern California Nat. Bank, 9 Cir., 93 F.2d 709.

In Re Armold, 7 Cir., 100 F.2d 621, 623, we said:

"* * * we see no reason why the voluntary dismissal of the proceeding should militate against his right to institute a new proceeding under the same Act * * *."

See, also, In re Monjon, 7 Cir., 113 F.2d 535.

[3] Delay after the debtor's petition had been dismissed covered several years.