**In re KALB.**

**KALB v. FEUERSTEIN et al.**

**No. 9837.**

United States Court of Appeals
Seventh Circuit.

Oct. 21, 1949.

See also, D.C., 54 F.Supp. 525.

244

R. Brown, Creston, Iowa, John D. Voss, Elkhorn, Wisconsin, for appellant.

J. Arthur Moran, Delavan, Wisconsin, for appellee.

Before KERNER and FINNEGAN, Circuit Judges, and LINDLEY, District Judge.

FINNEGAN, Circuit Judge.

On February 3, 1949, an order was entered in the District Court of the United States for the Eastern District of Wisconsin which sustained the findings of a Conciliation Commissioner on application of the farmer debtor for an accounting with, and for damages claimed by him, from Henry Feuerstein and Helen Feuerstein, secured creditors. The court likewise confirmed the Commissioner's order appointing Henry Jacobson as trustee with bond in the sum of $12,000, and directing that unless the debtor within thirty days from the date of said order redeemed the farm property involved by paying $12,000 into the Court, the Trustee file a petition for the sale or other disposition of the property and for such other proceedings as may be had with reference thereto under the provisions of the Bankruptcy Act, 11 U.S.C.A. § 1 et seq. By this appeal, Ernest Newton Kalb seeks to reverse that order.

For more than sixteen years this farm property has been the subject of litigation between appellant and appellees. A brief resumé of the various steps taken in this prolonged litigation should lend material aid to an understanding and proper disposition of the matters involved in this appeal.

On March 6, 1923, the appellant who was then a bachelor, executed his two promissory notes, aggregating in amount $6,000, payable in ten years with interest at 5% per annum payable annually, one note in the sum of $2100 being payable to Henry Feuerstein, and the other for $3900 payable to Helen Feuerstein. These notes were secured by a first mortgage on the farm in question.

Ten years later, on March 9, 1933, appellees brought proceedings to foreclose the mortgage in the County Court of Walworth County, Wisconsin. A decree of foreclosure and sale was entered on April 21, 1933. There was then due in addition to the principal of $6,000, interest in the sum of $1232.57, attorneys' fees amounting to $280 and costs in the sum of $87.28. The record also shows that taxes on the farm were then delinquent in the sum of approximately $700. Wisconsin at that time had a moratorium statute of which the defendant availed himself, and the sale of the farm was deferred until October 25, 1934.

On October 2, 1934, twenty-three days before the moratorium period expired, appellant filed his first petition under the Frazier-Lemke Act, 11 U.S.C.A. § 203, sub. s, and on October 25, 1934 the District Court entered an order staying proceedings on the foreclosure action in the County Court of Walworth County, Wisconsin. No further proceeding, other than a meeting of creditors, appears to have been taken in the matter of this first application under the Frazier-Lemke Act.

On May 27, 1935, certain portions of that Act were held to be unconstitutional by the Supreme Court of the United States. Louisville Joint Stock Land Bank v. Radford, 295 U.S. 555, 55 S.Ct. 854, 79 L.Ed. 1593, 97 A.L.R. 1106. On June 27, 1935 the District Court for the Eastern District of Wisconsin, dismissed appellant's first petition under the Act.

Congress, in order to obviate the constitutional objections amended the Frazier-Lemke Act on August 28, 1935. By the terms of the new enactment Sec. 203, sub. s,

subparagraph 5, Title 11, U.S.C.A., provided that the Act, as amended, should be held to apply to all existing cases then pending in any federal court as well as to future cases, and that all cases under said Act that had been dismissed should be promptly reinstated without any additional filing fee or charges. Consequently the Wisconsin District Court, on September 6, 1935, entered an order reinstating appellant's first petition as of October 2, 1934, the date of original filing.

During the interim between June 27, 1935, when the first petition was dismissed, and September 6, 1935, when it was reinstated, the County Court of Walworth County, Wisconsin, ordered a sale under the decree of foreclosure theretofore entered therein, directing that it be held on July 20, 1935.

The sale was held on that day and the premises were conveyed by sheriff's deed to Henry Feuerstein. At appellant's request the confirmation was delayed until September 16, 1935, when an order confirming the sale was entered.

On March 12, 1936, a writ of assistance issued from the County Court of Walworth County and Henry Feuerstein was put in possession of the farm. On March 17, 1936, the United States District Court for the Eastern District of Wisconsin entered an order dismissing for the second time, appellant's first petition for relief under the Frazier-Lemke Act.

Thereafter appellant instituted two actions in the courts of Wisconsin. The first action prayed that the sheriff's deed to Henry Feuerstein be voided, and that appellant be restored to possession of his farm. The second action, in which the Wisconsin judge who granted the writ of assistance, the sheriff who executed it, and the appellees Henry Feuerstein and Helen Feuerstein were made parties defendant, sought damages for the loss of the use of the farm, for assault and for false imprisonment.

In both these cases the Wisconsin trial court decided in favor of the appellees and other defendants, and their ruling was affirmed by the Supreme Court of Wisconsin. 231 Wis. 185, 285 N.W. 431.

However, on appeal the Supreme Court of the United States held, in Kalb v. Feuerstein, 308 U.S. 433, 60 S.Ct. 343, 84 L.Ed. 370, that the mere filing of a petition under the Frazier-Lemke Act conferred exclusive jurisdiction on the Federal Court and deprived all courts of the jurisdiction to maintain and enforce foreclosure proceedings. On January 2, 1940, the judgments of the Wisconsin Supreme Court in both cases were reversed and the causes remanded for further proceedings. The Supreme Court of Wisconsin on May 7, 1940 reversed its former rulings and remanded both cases for further proceedings. 234 Wis. 507, 291 N.W. 840.

Thereafter the action in which the appellant sought to recover damages was tried in the Circuit Court, Walworth County, where a verdict was directed in favor of the appellees Henry and Helen Feuerstein. This action of the trial court was affirmed by the Supreme Court of Wisconsin on December 2, 1941. Kalb v. Luce, 239 Wis. 256, 1 N.W.2d 176.

In the meantime, on February 28, 1940, Ernest Newton Kalb, appellant, filed, in the District Court for the Eastern District of Wisconsin a petition which was superseded by his amended petition of March 18, 1940, seeking the reinstatement of his petition of October 2, 1934, and for a rehearing on the order of dismissal entered March 7, 1936. The rehearing was refused and the reinstatement of the petition denied by the District Court. 32 F.Supp. 356. The order of the District Court was affirmed by this Court, 116 F.2d 775, and certiorari was denied, 313 U.S. 568, 61 S.Ct. 940, 85 L.Ed. 1526.

On May 28, 1941, appellant filed in the District Court for the Eastern District of Wisconsin, his second petition under the Frazier-Lemke Act. Substantially the same assets and liabilities as listed in his original petition were included in this second petition. Appellees claiming that the emergency owing to which the Frazier-Lemke Act had been passed, no longer existed, moved to strike the farm property

in question from appellant's schedule. The motion was denied by the District Court and its ruling was affirmed by this Court. 127 F.2d 509.

Failing to secure a composition, the farmer debtor was adjudicated bankrupt on April 2, 1943. Appellees' claim was filed on April 9, 1943.

On March 31, 1944, the Conciliation Commissioner entered an order restoring appellant to possession of the farm property, fixing the annual rental at $840, and staying the proceedings for three years conditioned upon the payment of that rental. The farm property was appraised at Twelve Thousand ($12,000) Dollars.

On March 28, 1947 the appellant deposited with the Conciliation Commissioner the sum of $5300 and also filed a purported assignment of an application for a loan to the National Farm Loan Association in the amount of $7000. Subsequently the National Farm Loan Association advised the Conciliation Commissioner that the approval for the loan had been withdrawn. However it is stipulated in the record that a letter reinstating the offer for a loan was procured by appellant and delivered to the Commissioner in December of 1947. The record shows that the assignment filed on March 28, 1947, was in the following language:

"The undersigned bankrupt having this day secured from the National Farm Loan Association of Janesville, Wisconsin, acceptance of a loan of Seven Thousand dollars ($7000.00) on his real estate scheduled in the above bankruptcy proceedings, and having secured from said Association acceptance of his application for such loan, the proceeds of which being payable to the undersigned;

"Now, Therefore, he hereby assigns and transfers to George H. Belton, Commissioner in Bankruptcy in the City of Elkhorn, Wisconsin all the proceeds receivable and due from said Association as the proceeds of said loan, the same being assigned and transferred by the undersigned to said commissioner with other funds for the purpose of paying into Court the amount of money fixed as the appraised value of said

real estate in said bankruptcy proceedings whereby he will affect a redemption of said property by paying the Court the appraised value thereof as provided in Sec. 203 of the United States Code Annotated, said section so providing for the redemption of property by bankrupts in said Act of Congress.

"He also attached hereto, as evidence of the acceptance of said loan, a typewritten acceptance by one J. M. Barry, Secretary-Treasurer of the said Loan Association wherein he makes written acceptance of said Application for said loan and obligates said Association to accept the same, and this assignment is made for the purpose of having the proceeds of the loan paid to the above named Commissioner.

"Dated this 28th day of March A.D. 1947.
/s/ Ernest N. Kalb."

The alleged acceptance filed on the same days was as follows:

"National Farm Loan Associations,
Janesville, Wisconsin.
March 28, 1947.
"Mr. George Belton,
Conciliation Commissioner,
Elkhorn, Wisconsin.
"Dear Mr. Belton:
Mr. Ernest Kalb has made an application for a Federal Land Bank Loan and has obtained a Federal Land Bank Loan in the amount of $7,000, with the instructions 'pay liens on security offered, outside financing permitted—not to exceed $2,000.' Mr. Kalb has called at the office and informs me that he will be able to use the commitment which the Federal Land Bank has offered him and that he has sufficient resources to make up the difference and comply with the Land Bank's Commitment. When you arrange to furnish us with the abstract continued to date, we will be in a position to furnish Mr. Kalb with the proceeds of his loan.

"Yours very truly,
J. M. Barry,
Secretary-treasurer."
"JMB:R

Upon expiration of the three years stay, on April 1, 1947 the appellees as secured creditors, alleging that no redemption had been made, petitioned the Commissioner to

appoint a trustee and to order a sale of appellant's farm property.

By petition, subsequently amended, appellant asked that the Commissioner find that redemption had been made; that an accounting be had to determine the amount due from the secured creditors for the reasonable value of the premises during the period they were in possession; and also to determine what money was due and should be awarded him for damage to the soil, damages to the barn, loss occasioned by the necessary repurchase of personal property, for damage to his health, and for attorney's fees paid by him. The petition likewise claimed that the claim of appellees was usurious.

A formal hearing was had on these petitions, testimony was taken and the Conciliation Commissioner in his order dated June 22, 1948 made the following findings:

(a) That the three-year stay of proceedings expired on April 1, 1947;

(b) That redemption of the mortgaged premises was not made within the three-year period;

(c) That the reasonable rental value of the farm during the period that the secured creditors were in possession including interest was Nine Thousand Two Hundred Forty-eight and 40/100 ($9,248.40) Dollars;

(d) That the secured creditors properly tilled and cared for the soil and said farm while they were in possession;

(e) That certain repairs made by the secured creditors did not damage the barn on said farm;

(f) That the claim of the appellant that he sustained damages by being compelled to sell certain personalty was not supported by the records and was speculative;

(g) That there was no evidence in the record to support a finding that the appellant had sustained any damage to his health by reason of any act or omission of the secured creditors;

(h) That the appellant is not entitled to recover attorney fees expended by him;

(i) That there is due upon the judgment of foreclosure, including interest, the sum of Fourteen Thousand Five Hundred Five ($14,505.00) Dollars;

(j) That there is due to the secured creditors for real estate taxes paid by them, including interest, the sum of Three Thousand Five Hundred Ninety-five and 26/100 ($3,595.26) Dollars;

(k) That there is due to the secured creditors for fire insurance premiums paid by them, including interest, the sum of Two Hundred Sixty-one and 08/100 ($261.08) Dollars, and for necessary repairs to preserve and maintain said farm the sum of One Thousand Four Hundred Forty and 86/100 ($1,440.86) Dollars, and for general repairs, the sum of One Thousand Nine Hundred Sixty-seven and no/100 ($1,967.-00) Dollars;

(*l*) That the balance due to the secured creditors after allowing an offset to the appellant, is the sum of Twelve Thousand Five Hundred Twenty-one and 25/100 ($12,521.25) Dollars.

Thereupon, on June 22, 1948, the Commissioner ordered that Oscar Jacobson be appointed trustee under the provisions of 75(s) of the Bankruptcy Act [11 U.S.C.A. § 203, sub. s] under bond in the sum of Twelve Thousand ($12,000) Dollars.

It was further ordered that unless the debtor within thirty (30) days after the date thereof, which was fixed as a reasonable time, redeem the property in question by payment of the appraised value of Twelve Thousand ($12,000) Dollars into the Court, the Trustee file a petition for the sale or other disposition of the property belonging to the farmer debtor, and that such further proceedings be had with reference thereto as are provided by the Bankruptcy Act.

On June 30, 1948 appellant filed his petition for the review of said findings and orders by the District Court. Thereafter, and on February 3, 1949, the District Court ordered that the findings and orders of the Conciliation Commissioner be in all things confirmed. This appeal followed.

As we view this record the only important question arising therein is: Did the farmer debtor (appellant) make redemption of the mortgaged premises within the three-year period of the stay allowed?

The statute, Sec. 203, sub. s, subparagraph 3, Title 11 U.S.C.A., provides:

(3) "At the end of three years, or prior thereto, the debtor may pay into court the amount of the appraisal of the property of which he retains possession, including the amount of encumbrances on his exemptions, up to the amount of the appraisal, less the amount paid on principal: Provided, That upon request of any secured or unsecured creditor, or upon request of the debtor, the court shall cause a reappraisal of the debtor's property, or in its discretion set a date for hearing, and after such hearing, fix the value of the property, in accordance with the evidence submitted, and the debtor shall then pay the value so arrived at into court, less payments made on the principal, for distribution to all secured and unsecured creditors, as their interests may appear, and thereupon the court shall, by an order, turn over full possession and title of said property, free and clear of encumbrances to the debtor: Provided, That upon request in writing by any secured creditor or creditors, the court shall order the property upon which such secured creditors have a lien to be sold at public auction. The debtor shall have ninety days to redeem any property sold at such sale, by paying the amount for which any such property was sold, together with 5 per centum per annum interest, into court, and he may apply for his discharge, as provided for by this title. If, however, the debtor at any time fails to comply with the provisions of this section, or with any orders of the court made pursuant to this section, or is unable to refinance himself within three years, the court may order the appointment of a trustee, and order the property sold or otherwise disposed of as provided for in this title."

We have heretofore set out in detail the facts which appellant claims constituted his redemption. It will be noted that he did not deposit in court the appraised value of the farm ($12,000) in cash. His deposit amounted to only $5300.

■ He attempted to supply the balance by a purported assignment of a loan commitment which he alleges had been accepted by the National Farm Loan Association. This alleged acceptance has also been heretofore set out in haec verba. It will be noted that the letter addressed to the Conciliation Commissioner on March 28, 1947 did not make available any sum to appellant or the Commissioner as his assignee. It expressly stated that before the proceeds of the loan could be made available, it would be necessary for the Commissioner to furnish an abstract continued to date. In our opinion this falls far short of the requirements for redemption set down in Sec. 203, sub. s, subparagraph 3, already quoted.

As was said in Worley v. Wahlquist, 8 Cir., 150 F.2d 1007, 1010, 161 A.L.R. 919:

"The general observation may be made that, on any attempt by a farmer-bankrupt to redeem, the amount for which the property can be redeemed is and can only be the amount of the governing appraisal, or value fixed on a hearing, and the terms are and can only be cash."

Moreover, the record is clear that neither appellant, nor any agent of the National Farm Loan Association, at any time appeared and made available in cash the remaining $6700 necessary to complete the redemption. In this case therefore there was no effective redemption of the farm property by appellant.

■ It was earnestly contended both in the briefs and on oral argument that the claim of appellees is tarnished with usury. The fact is that the claim is based not merely on the notes and mortgage given to secure them, but also upon the foreclosure decree of the County Court of Walworth County, entered on April 21, 1933, more than a year and a half before appellant filed his first petition under the Frazier-Lemke Act. Even if appellant could properly raise the question of usury at this late day, the law of Wisconsin as set down in Randall v. Home Loan & Investment Co., 244 Wis. 623, 12 N.W.2d 915 is decisively against his contention.

■ Our review of this record has satisfied us that the facts found by the Commissioner are fully justified by the evidence produced before him. Under General Or-

der No. 47, 11 U.S.C.A. following section 53, there was nothing for the District Court to do except to adopt those findings. It follows that the order appointing a trustee, and directing a sale, or other proper disposition of the property, unless redemption was made within 30 days, was properly entered.

The judgment of the District Court is affirmed.